Ramona COATES

v.

MAINE EMPLOYMENT SECURITY COMMISSION.

Supreme Judicial Court of Maine.

Argued March 9, 1981.
Decided April 22, 1981.

See also, Me., 406 A.2d 94.

---

Sunenblick, Fontaine & Reben; Donald F. Fontaine (orally), Asen & Landis, Michael Asen, Peter Landis, Sewall, Mittel & Hefferan, Robert E. Mittel, Portland, for plaintiff.

Susan P. Herman (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

McKUSICK, Chief Justice.

Defendant Maine Employment Security Commission appeals from a decision of the Superior Court (Kennebec County) awarding attorney's fees to counsel for plaintiff Ramona Coates in connection with her earlier successful appeal to this court from a Commission decision that had disqualified her from receiving unemployment compensation. The Superior Court order awarded plaintiff's counsel an "additional contingency fee" in the amount of 25% of the total fee the Commission had already approved for his services in representing plaintiff on that prior Law Court appeal. Plaintiff cross-appeals from the order, asserting that the Superior Court erred in failing to allow her counsel also a fee for his work before the Superior Court in seeking the additional contingency fee award. Because we conclude that the Superior Court lacks jurisdiction to award counsel fees in unemployment compensation litigation, we sustain the Commission's appeal, order dismissal of the Superior Court proceeding, and dismiss the cross-appeal.

The first time this case was before the Law Court, we sustained plaintiff's appeal from adverse determinations at both the Commission and Superior Court levels regarding her eligibility for unemployment compensation. *Coates v. Maine Employment Security Commission*, Me., 406 A.2d 94 (1979) (*Coates I*).[1] Our mandate on that earlier appeal read as follows:

Appeal sustained.

Remanded to the Superior Court for vacation of the judgment appealed from and for entry of judgment (i) sustaining claimant's appeal from the Maine Employment Security Commission, (ii) reversing the Commission's decision, and (iii) remanding to the Commission with direction to allow unemployment benefits to claimant in the amount of $700.

_____

1. The full history of the case at bar up to the time of our first decision is set out in the opinion in *Coates I*.

Costs on appeal allowed to claimant.

*Id.* at 97. The Superior Court judgment entered on remand in October 1979 likewise stated in part: "Costs on appeal awarded to claimant."

Following certification of the Law Court opinion in *Coates I* and prior to entry of the new Superior Court judgment conforming to the Law Court mandate, plaintiff's counsel wrote to the Commission, presenting a bill in the amount of $3,496 for the work done on the successful appeal to the Law Court.[2] Of the billed amount, $160 represented reimbursement for his out-of-pocket expenses on appeal. The remaining $3,336 was for services rendered. In arriving at the latter figure, counsel had first multiplied the 41.7 billable hours he had spent working on the appeal by his standard hourly rate of $40, for a base fee of $1,668. To that he added a "contingency factor" of 100%. His avowed purpose in adding the contingency factor was to reflect the fact, resulting from his agreement with his client that she would in no event be responsible for any of his fees, that he would not have been paid for his work had his client not prevailed on appeal.

Sometime between October 1979 and April 1980, plaintiff's counsel received payment of $1,828, an amount that covered his out-of-pocket expenses and his requested base fee at $40 per hour, but excluded any contingency fee. On April 1, 1980, the chairman of the Commission wrote counsel that:

> The Commission met on March 31, 1980, and discussed the matter of contingency fees in the above case.

By majority decision, it was decided that further fees would not be granted beyond the $1828 already paid, as we feel that this was a reasonable amount within the meaning of Section 1044.2 of the Law.

On May 19, 1980, plaintiff filed a motion in the Superior Court, purportedly pursuant to M.R.Civ.P. 54, requesting the court to order the Commission to pay her counsel both his requested contingency fee of $1,668 and also a reasonable attorney's fee for the preparation and presentation of the motion itself in the Superior Court. Following a hearing, the Superior Court ordered payment of a contingency fee in the amount of 25% of that requested, or $417. The Superior Court's order made no mention of plaintiff's request for a fee for preparation and presentation of the Superior Court motion.

■ On appeal, the Commission argues that 26 M.R.S.A. § 1044(2) (Supp.1980) vests exclusive authority in it to approve counsel fees for legal services on any unemployment compensation appeal and that the Superior Court accordingly had no jurisdiction to award plaintiff's counsel a contingency fee.[3] The plain statutory language compels us to agree. We hold that the Maine Employment Security Commission alone has authority to approve the attorney's fees payable to a claimant's counsel on a successful court appeal from the Commission's denial of unemployment benefits. The only involvement of the Superior Court is to review the Commission's adjudication as to those fees, under the restricted standards laid down by the Administrative Procedure Act.[4]

---

**2.** Attorney's fees for representing plaintiff before the Commission and the Superior Court in *Coates I* are not at issue here.

**3.** The Commission contests the Superior Court's jurisdiction for the first time before the Law Court. As we have stated many times, lack of jurisdiction may be raised by a party or by the court itself at any stage of a proceeding, including on appeal. *See Fletcher v. Feeney*, Me., 400 A.2d 1084, 1089 (1979).

**4.** The Commission's fixing of an attorney's fee for services rendered on a claimant's successful appeal to the courts is an adjudicatory func-

tion. As such, the Commission fee-setting proceeding is subject to all the provisions of the Administrative Procedure Act, 5 M.R.S.A. § 9051 *et seq.*, including the provisions requiring that the administrative litigant be given an opportunity to be heard, *id.* § 9056, and that he or she be properly notified of final agency action and of the right of any aggrieved party to appeal, *id.* § 9061.

The Superior Court may consider fee awards in unemployment compensation cases only in the context of reviewing final agency action by the Commission, *see* 5 M.R.S.A. § 11001(1) (Supp.1980); *cf. Partnership of Brooks Brown*

The controlling statute, 26 M.R.S.A. § 1044(2), provides in pertinent part:

Any individual claiming benefits in any proceeding before the commission *or a court* may be represented by counsel or other duly authorized agent; but *no such counsel* or agents *shall either charge or receive* for such services *more than an amount approved by the commission.* In the event a claimant has retained counsel for the purpose of prosecuting an appeal from a decision of the commission, and the final decision of such court results in a reversal, in whole or in part, of the decision appealed from, the fees for such service shall be paid by the commissioner from his administrative fund.

(Emphasis added). By the language of the statute itself, the legislature clearly declared that the Commission's approval is a *sine qua non* for the award of counsel fees in any Commission or court proceeding involving a claim for unemployment benefits. The very same section 1044(2) that lays down that requirement of Commission approval of all attorney's fees also is the statute upon which plaintiff as a successful appellant must rely to justify getting her counsel fees paid by the Commissioner of Manpower Affairs.[5] Reading section 1044(2) in accordance with its plain meaning, *see Chase v. Edgar*, Me., 259 A.2d 30, 32 (1969), we can only conclude that the legislature has vested one agency, namely, the Commission, with exclusive responsibility for fixing any fees to be paid a claimant's attorney in connection with a successful unemployment compensation appeal. There is no reason or necessity to infer that a court, though not mentioned by the legislature, also may approve attorney's fee awards.

Contrary to plaintiff's argument, there is nothing anomalous or absurd in the legislature's placing in the Commission the responsibility for setting the fee to be paid the attorney for a claimant who prevails over the Commission on a court appeal. The Commission, whose decisions are always subject to judicial review under the Administrative Procedure Act, is the statutorily designated body to adjudicate both the underlying unemployment compensation claim and the fee to be paid attorneys for claimants who successfully appeal to court. In either instance, the Commission adjudicates a question of the liability of the Department of Manpower Affairs to a benefits claimant or his attorney. Rather than being anomalous or absurd, centralizing in the Commission the responsibility for adjudicating in the first instance both unemployment claims and attorney's fees permits the development of consistent policies by a single specialized administrative agency, always subject to ultimate review by the Law Court.

Plaintiff also must fail in her contention that the Superior Court in awarding her counsel a 25% contingency fee was merely following this court's mandate in *Coates I*, in which we allowed plaintiff her costs on

---

*et al. v. State Dept. of Manpower Affairs*, Me., 426 A.2d 880, 883 (1981), and only when that court's appellate jurisdiction is properly invoked under the appeals provision of the Administrative Procedure Act, 5 M.R.S.A. § 11002 (1979). In order to allow for fully effective judicial oversight of its actions, the Commission, like the trial courts in fee award proceedings under federal statutes providing that attorney's fees shall be taxed as costs to the prevailing party, should take care to develop a record that contains support for its action, *cf. King v. Greenblatt*, 560 F.2d 1024, 1027 (1st Cir. 1977) [fee award under 42 U.S.C. § 1988 (1976)] and should make "clear and adequate findings of fact on [that] record" with respect to both the hours of service provided and the hourly rate at which the service should be billed, *Northcross v. Board of Educ. of Memphis City Schools*, 611

F.2d 624, 636, 636–39 (6th Cir. 1979) (fee award under 42 U.S.C. § 1988). In reviewing any award of attorney's fees by the Commission, the Superior Court should examine the record of the proceedings before the Commission for errors of law as defined in 5 M.R.S.A. § 11007(4)(C) (1979).

5. By P.L.1980, ch. 651, § 6, the legislature amended section 1044(2) to provide for payment of legal fees by the Commissioner of Manpower Affairs from his administrative fund. 26 M.R.S.A. § 1044(2) (Supp.1980); *see also id.* §§ 1043(7–A), 1111. Prior to the 1980 legislation, section 1044(2) provided for payment of legal fees by the Commission from its administrative fund. 26 M.R.S.A. § 1044(2) (Supp.1979).

appeal. In making that argument, plaintiff relies on this court's decision and mandate in *Thiboutot v. State*, Me., 405 A.2d 230 (1979), *aff'd*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). In *Thiboutot*, this court did require the Superior Court to consider on remand, as part of its assessment of costs in the case, the prevailing parties' petition for the award of counsel fees. There, however, the court was acting pursuant to the federal Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, which specifically provides that in an action under certain civil rights acts, including 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, *a reasonable attorney's fee as part* of the costs." (Emphasis added) Section 1044(2) of Maine's unemployment compensation law is conspicuously different; it does not make attorney's fees part of costs. Nor does the term "costs" as commonly used in rules of civil procedure encompass without more attorney's fees of the successful litigant. *See* C. Wright & A. Miller, 10 *Federal Practice & Procedure* § 2675 at 179–80 (1973 & Supp.1980).

This court's mandate in *Coates I* cannot be read to have allowed attorney's fees as part of costs, for the simple reason that this court has no authority under the controlling section 1044(2) to approve attorney's fees itself or to authorize the Superior Court to do so. A court cannot take to itself the power of approving and awarding counsel fees, a power clearly given by the legislature only to the Commission, merely by labelling those fees as "costs." It is equally obvious that M.R.Civ.P. 54(d), entitled "Allowance of Costs," under which plaintiff purported to file her motion for counsel fees in the Superior Court, does not independently give that court any authority to award counsel fees. *See* M.R.Civ.P. 82. The legislature has mandated that "no such counsel ['in any proceeding before the [C]ommission or a court'] . . . shall either charge or receive for such services more than an amount approved by the [C]ommission."

As a last resort, plaintiff argues that her Superior Court "Motion to Assess Amount of Attorney's Fees" should be treated as an appeal under the Administrative Procedure Act from the Commission's disallowance of any contingency fee to her attorney. That argument must also fail. Even assuming that the Commission chairman's letter of April 1, 1980, constituted "final agency action" that was ripe for judicial review, a matter we do not decide, plaintiff's "appeal" was in any event untimely since it was filed beyond the 30-day appeal period prescribed by the Administrative Procedure Act, 5 M.R.S.A. § 11002(3). Failure timely to seek judicial review of agency action is a jurisdictional defect that this court may not excuse. *Partnership of Brooks Brown et al. v. State Dept. of Manpower Affairs*, 426 A.2d 880, 887 (1981); *cf. Torrey v. Full Gospel Church*, Me., 394 A.2d 276, 278 (1978).

Plaintiff's cross-appeal seeks review of the Superior Court's failure to award attorney's fee on her motion in that court. Since the proceeding in the Superior Court is being dismissed because of that court's want of jurisdiction to award attorney's fees in unemployment compensation matters, plaintiff's cross-appeal must also be dismissed.

The entry must be:

Appeal by defendant Maine Employment Security Commission sustained.

Judgment of the Superior Court vacated. Case remanded to the Superior Court for dismissal of plaintiff's motion for attorney's fees for lack of subject matter jurisdiction.

Plaintiff's cross-appeal dismissed.

Costs on appeal allowed to neither party.

All concurring.