**Harve A. WHEELER**

v.

**MAINE UNEMPLOYMENT INSURANCE COMMISSION.**[1]

Supreme Judicial Court of Maine.

Argued March 5, 1984.

Decided May 30, 1984.

---

1. The Maine Unemployment Insurance Commission was formerly known as the Maine Employ-

ment Security Commission. *See* 26 M.R.S.A. § 1081(1) (Supp.1983–1984). The instant suit was filed prior to amendment of 26 M.R.S.A. § 1194(8) which now requires that the Commis-sioner of Labor be made a party defendant in any appeal to the courts. *See* P.L.1983 ch. 351, § 21.

Helen B. Eddy (orally), Dorsk & Eddy, Portland, for plaintiff.

Peter J. Brann (orally), Lendall Smith, Pamela W. Waite, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

GLASSMAN, Justice.

The Maine Unemployment Insurance Commission (Commission) appeals from a judgment of the Superior Court, Cumberland County, dismissing Harve A. Wheeler's petition for review of agency action as premature and remanding the matter to the Commission for determination of waiver of repayment of benefits received by Wheeler and the fixing of his attorney's fees and costs as the prevailing party. Because the Superior Court decision invalidated the Commission's long-standing practice of determining benefit eligibility separately from waiver of repayment of erroneously paid benefits, the Commission appeals to this court. We sustain the appeal, and vacate the judgment.

The facts in the instant appeal are not in dispute. The claimant, Harve A. Wheeler, worked for Bancroft & Martin, Inc. as a fabricator at the rate of $6.75 per hour. On August 20, 1982, Wheeler was laid off due to a lack of work in his department. Prior to the lay-off, Bancroft & Martin had

offered Wheeler a job as a "helper" in another department, at the rate of $5.45 per hour. Wheeler declined the offer because of the reduction in pay, and applied for unemployment benefits.

A deputy, finding Wheeler did not refuse to accept an offer of suitable work within the meaning of 26 M.R.S.A. § 1193(3) (Supp. 1983–1984),[2] allowed benefits. The appeal tribunal affirmed, and Bancroft & Martin appealed to the full Commission.

In a decision dated November 29, 1982, the Commission reversed the deputy and the appeal tribunal and found that Wheeler had refused suitable employment. The Commission disqualified Wheeler from receiving benefits from the date of the layoff, established an overpayment in the amount of $1,380.00 (the amount already paid to Wheeler), and noted that pursuant to 26 M.R.S.A. § 1051(5) (Supp.1983–1984), Wheeler could request a waiver of the overpayment.[3] Wheeler petitioned the Superior Court for review of the agency action, and filed a request for such waiver with the Commission.

In the Superior Court, Wheeler asserted the Commission's decision was unsupported by the evidence and erroneous as a matter of law, and that the Commission should be equitably estopped from pursuing recovery of the overpayment. Without reaching the merits of these contentions, the Superior

Court dismissed Wheeler's petition. The court held that the Commission had not rendered a final, reviewable decision, and remanded the matter to the Commission to act on the waiver request. The court reasoned that although the Commission had disqualified Wheeler and established an overpayment, it was not yet certain whether repayment would be required. The court noted that pursuant to 26 M.R.S.A. § 1051(5), Wheeler could still request, and had requested, a waiver of the overpayment. To act on the petition before the waiver issue had been resolved, observed the court, would lead to piecemeal administrative and judicial review of disputes. The court reasoned that if it were to sanction the Commission's practice of determining eligibility for benefits, awaiting the results of the review process, and only then considering waiver of overpayment, a two-track system of review would be created. A claimant disqualified from benefits would have to seek review of the disqualification in the Superior Court and possibly this court, and if unsuccessful, would then have to file a waiver request with the Commission. To challenge the Commission's denial of such request, the claimant would again be forced to pursue such review. The Superior Court declared the statute must be read to avoid this result. The Commission appeals from the Superior Court's decision.

**2.** 26 M.R.S.A. § 1193(3) provides, in pertinent part, that an individual shall be disqualified for benefits:

> For the duration of his unemployment subsequent to his having refused to accept an offer of suitable work for which he is reasonably fitted, or having refused to accept a referral to a suitable job opportunity when directed to do so by a local employment office of this State or another state or if an employer is unable to contact a former employee at last known or given address, for the purpose of recall to suitable employment; or the individual fails to respond to a request to report to the local office for the purpose of a referral to a suitable job, and the disqualification shall continue until claimant has earned 8 times his weekly benefit amount in employment by an employer.

**3.** In pertinent part, 26 M.R.S.A. § 1051(5) (Supp.1983–1984) provides:

> [T]here shall be no recovery of payments from any person who, in the judgment of at least 2 commission members, is without fault on his part and where, in the judgment of the commission, such recovery would defeat the purpose of benefits otherwise authorized or would be against equity and good conscience. No recovery may be attempted until the determination of an erroneous payment is final as to law and fact and the individual has been notified of the opportunity for a waiver under this subsection.

■ As a preliminary matter, we must consider whether the Superior Court decision dismissing Harve A. Wheeler's petition for review and remanding the matter to the Commission for "determination of the waiver question in accordance with the provisions of this opinion" is a final judgment from which an appeal to this court may be taken. When the Superior Court remands the matter to the District Court or an administrative agency, we must, to determine whether a final judgment has been rendered, examine the nature of the remand order. If the issue which the parties seek to present to this court might be affected by the action taken pursuant to the remand order, we will usually refrain from entertaining the appeal. Alternatively, if the remand requires only that the court or agency address a procedural or ancillary matter distinct from the issue upon which appeal to this court is sought, we will, as a general rule, review the Superior Court decision. *Cf. Brousseau v. Maine Employment Security Commission,* 470 A.2d 327 (Me.1984); *McKenzie v. Maine Employment Security Commission,* 453 A.2d 505 (Me.1982).

■ The substantive issue which confronts us on this appeal falls within the latter category. The remand order did not authorize the Commission to take any further action in regard to its disqualification of Wheeler. Therefore, the issue of disqualification presented to the Superior Court could not be altered. The remand concerned the ancillary matter of repayment, and does not preclude our review of the Superior Court's judgment as to the finality of the Commission's decision disqualifying Wheeler.

Having determined the Superior Court rendered a final judgment, we turn to the merits of the Commission's appeal. The Commission's contentions on appeal are twofold: first, the Superior Court erred in finding the Commission's decision to dis-

qualify claimant Wheeler from unemployment compensation benefits did not constitute "final agency action"; and second, the Superior Court erred by including a provision in its remand order that Wheeler be deemed the prevailing party and be awarded his costs and attorney's fees. Agreeing with the Commission in both instances, we vacate the judgment.

■ As a general rule, the Superior Court may not entertain a petition for review of agency action unless the disputed action is final. This long-standing principle, which avoids piecemeal judicial review, fosters judicial economy, and provides an adjudicating body every reasonable opportunity to resolve a matter within its special area of expertise, is necessary to ensure that the courts refrain from resolving issues not yet "ripe" for review. *See Hand v. Nickerson,* 148 Me. 465, 467, 95 A.2d 813, 815 (1953) (quoting *Fidelity & Casualty Co. v. Bodwell Granite Co.,* 102 Me. 148, 151–52, 166 A. 314, 316 (1906)) (discussing policy behind rule that only "final" judgments are ripe for appellate review); *see also Northeast Occupational Exchange v. Bureau of Rehabilitation,* 473 A.2d 406 (Me.1984). This rule has been embodied in the Administrative Procedure Act (APA), 5 M.R.S.A. § 8001 *et seq.* (1979), which provides that except in limited circumstances, only those persons aggrieved by *"final* agency action" are entitled to judicial review in the Superior Court.[4] 5 M.R.S.A. § 11001(1) (Supp.1983–1984) (emphasis supplied). "Final agency action" is defined as a "decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." 5 M.R.S.A. § 8002(4).

■ Clearly, when the Commission disqualified Wheeler and established an over-

---

4. 26 M.R.S.A. § 1194(8) (Supp.1983–1984) provides that the APA is applicable to review of

decisions of the Unemployment Insurance Commission.

payment, it rendered a final, unalterable decision on that subject. Wheeler had no avenue available to him within the agency by which he could challenge his disqualification. The Commission had determined Wheeler refused a suitable offer of employment. This determination could be challenged only in the Superior Court. The fact that if Wheeler refused to repay the amounts erroneously paid to him, the Commission, pursuant to 26 M.R.S.A. § 1051(5), could not pursue recovery if "in the judgment of at least 2 commission members . . . [Wheeler was] without fault . . . and . . . such recovery would defeat the purpose of benefits otherwise authorized or would be against equity and good conscience," does not detract from the finality of the Commission's decision. Whether the Commission would waive repayment was purely a collateral matter, not connected with the issue of disqualification. In fact, the legislature has recognized the separate nature of the disqualification and waiver of repayment issues. The Commission may not seek recovery of erroneous payments until the decision to disqualify a claimant is "final as to law and fact." 26 M.R.S.A. § 1051(5) (Supp.1983–1984). The disqualification decision becomes "final as to law and fact" ten days after receipt by the claimant of written notification. 26 M.R.S.A. § 1194(8) (Supp.1983–1984).[5] The waiver issue arises only if the claimant refuses to comply with a request for repayment. 26 M.R.S.A. § 1051(5). Because repayment cannot be sought until ten days after receipt of written notification of disqualification, the waiver issue could not be considered together with the disqualification issue.

■ The provision in the APA that "final agency action" comprises decisions dispositive of "*all* issues, legal and factual" (emphasis added), cannot be read as requiring

as a condition to the right to review that an administrative agency decide every issue that might potentially arise, without regard to the degree of relatedness between the issue and the underlying subject matter. As long as all questions necessarily involved in the underlying subject matter are resolved, a review of that matter is not necessarily inappropriate. .

We also deem significant the lack of a statutory restriction relating to the time period in which a claimant, determined ineligible by the Commissioner, may request a waiver of repayment. This allows a disqualified claimant maximum flexibility as to when a request for waiver will be filed. A waiver request might be filed and acted on months after the determination of ineligibility has become final.

■ Finally, sound policy supports reviewing the disqualification decision even though the Commission has yet to determine whether it will waive repayment of erroneously paid benefits. The majority of appeals before this court from decisions of the Commission involve questions pertaining to the propriety of disqualification. Were we to require claimants to wait until the Commission had acted on their requests for waiver of repayment to test the validity of the underlying decision to disqualify, we would place these individuals in a precarious position. An individual who filed a request for waiver would be deprived of a potential source of sustenance not only during the appeal period, but also during the time in which the Commission considered the request. Therefore, we consider the Commission's practice of awaiting final disposition of the disqualification issue before considering waiver to be in pursuance of the very purpose of unemployment benefits expounded by the legislature, *i.e.*, easing the burden upon the individual of economic insecurity brought on

---

5. After expiration of the 10-day period, the claimant may seek review by the Superior Court. Pending final determination of the re-

view process, the Commission makes no attempt to seek recovery of payments.

by unemployment. *See* 26 M.R.S.A. § 1042 (1974) (stating policy behind unemployment benefits); *see also McKenzie v. Maine Employment Security Commission,* 453 A.2d at 509. For the above-stated reasons, we hold the decision of the Commission to disqualify Harve A. Wheeler constituted "final agency action" within the purview of the APA, and was properly before the Superior Court.

 We now turn to the Commission's contention that the Superior Court erred by ordering that Wheeler be considered the prevailing party on appeal and awarded his costs and attorney's fees.

An unemployment compensation claimant's right to an award of attorney's fees is addressed in 26 M.R.S.A. § 1044 (Supp. 1983–1984), which states in pertinent part:

> Any individual claiming benefits in any proceeding before the commission or a court may be represented by counsel or other duly authorized agent; but no such counsel or agents shall either charge or receive for such services more than an amount approved by the commission. In the event a claimant has retained counsel for the purpose of prosecuting an appeal from a decision of the commission, and the final decision of such court results in a reversal, in whole or in part, of the decision appealed from, the fees for such service shall be paid by the commissioner from his administrative fund.

In *Coates v. Maine Employment Security Commission,* 428 A.2d 423 (Me.1981), we declared that pursuant to section 1044 the Commission alone has the authority to approve the payment of attorney's fees incurred during the course of a successful appeal from a decision denying unemployment benefits. *Id.* at 425. Additionally, we observed that the setting of attorney's fees by the Commission is an adjudicatory decision governed by the provisions of the APA, and under the APA, the role of the Superior Court is limited to reviewing "fi-

nal agency action" for the specific abuses enunciated in 5 M.R.S.A. § 11007. *Id.* at 425 n. 4.

 An application of the *Coates* decision leads to the conclusion that the portion of the Superior Court order relating to attorney's fees must be vacated. *Coates* made clear that the initial determination of whether to award attorney's fees is committed to the Commission, and the Superior Court is without authority to address the issue unless it is reviewing a "final" decision by the Commission. In the instant case, counsel for the claimant has not yet made a request for attorney's fees to the Commission, and the Commission has not addressed the issue. The order of the Superior Court is inappropriate.

The entry is:

Judgment vacated.

Remanded for proceedings consistent with the opinion herein.

All concurring.