Daniel and Mona **GAGNON**

v.

**ALLSTATE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 1, 1993.

Decided Jan. 25, 1994.

William J. Smith, Van Buren, for plaintiffs.

Scott G. Hunter, Solman & Hunter, P.A., Caribou, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.*

CLIFFORD, Justice.

The defendant, Allstate Insurance Company, appeals from a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) vacating a judgment entered in the District Court (Madawaska, *Daigle, J.*) in favor of Allstate in an action filed by Daniel and Mona Gagnon, and remanding to the District Court for a determination of damages. Because the Superior Court's action does not constitute a final judgment, we dismiss the appeal.

On May 29, 1989, the Gagnons returned to their home in Van Buren after a weekend trip to discover extensive damage to the interior of the house. It is alleged that the hot water hose from the Gagnons' washing machine had ruptured during their absence, resulting in the escape of hot water and steam.

At the time of the incident, the Gagnons' home was insured against loss by a homeowner's policy issued by Allstate. The policy, by its terms, excluded coverage for water damage, but covered direct losses resulting from explosion.[1] The Gagnons claim to have sustained a loss in the amount of $10,964.04. Allstate declined to honor the claim. The Gagnons then filed suit in the District Court, alleging Allstate's breach of the insurance contract.

After trial, the District Court entered judgment for Allstate, finding that the "sudden release of water" from the washing machine was an explosion within the meaning of the policy, but that most of the property loss was not covered because it was caused by the flow of water and steam subsequent to the explosion. The court held that the Gagnons

---

* Dana, J. participated in the initial conference, but participated no further.

1. The relevant language from the policy provided that:

[Allstate] will pay for direct loss to the property ... except as limited or excluded in this policy caused by:

....

3. Explosion.

....

Allstate do[es] not cover loss to property ... resulting in any manner from:

1. Water damage, meaning:

a) flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

b) water which backs up through sewers or drains; or

c) water below the surface of the ground. This includes water which exerts pressure on, or flows, seeps or leaks through any part of a building, or other structure, sidewalk, driveway or swimming pool.

We do cover direct loss caused by fire, explosion or theft resulting from water damage.

The policy defines "direct loss" as a loss occurring when

a) the named peril or person engaging in an act described in the named peril has physical contact with the covered property; and

b) the named peril is the last in time to occur when the loss is caused by more than one peril.

failed to meet their burden of proof as to any damages resulting directly from the explosion and directed entry of judgment for Allstate. The Gagnons then filed an appeal with the Superior Court. The Superior Court determined that the District Court erred in applying the "water damage" exclusion to the Gagnons' loss, and that the provision covering direct loss from an explosion was applicable. The Superior Court then remanded the case to the District Court for a determination of damages. Allstate then filed this appeal.

■ Generally, as an appellate court, we do not entertain for review judgments that are not final. *Berry v. Berry,* 634 A.2d 451, 452 (Me.1993). A judgment is final as opposed to interlocutory when "1) the trial court's action fully decides and disposes of the whole matter leaving nothing further for the consideration and judgment of the trial court, and 2) no subsequent proceedings in the case will render the appellate court's decision immaterial." *Id.,* at 452 (quoting *In re Erica B.,* 520 A.2d 342, 343–44 (Me.1987)). When the Superior Court remands a matter to the District Court, the nature of the remand order determines if the order constitutes a final judgment. *Wheeler v. Maine Unemployment Ins. Comm'n,* 477 A.2d 1141, 1145 (Me.1984). If the issue or issues that the parties seek to present to this court might be affected by actions taken pursuant to the remand order, we will generally decline to entertain the appeal. *Id.* In this case, the remand was for a determination of the damages that the Gagnons were to recover pursuant to the insurance policy as construed by the Superior Court. Although the parties stipulated that the Gagnons suffered "substantial damages," the nature and extent of those damages has not been fully and finally determined. That determination could well affect the construction of the insurance contract, which is the issue on which the appeal to this court is based. The damages determination is not a "procedural or ancillary matter," distinct from the construction of the contract, that would allow us to entertain the appeal. *Wheeler,* 477 A.2d at 1145.

Accordingly, because the Superior Court order is not a final judgment, we dismiss Allstate's appeal.

The entry is:

Appeal dismissed.

All concurring.