Kevin **BRIGGS,**

v.

Audra **ESCHETE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 5, 1994.
Decided Oct. 21, 1994.

Earle S. Tyler, Milbridge, for plaintiff.

Charles W. Hodsdon, Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Audra Eschete appeals from a judgment of the Superior Court (Hancock County, *Mills, J.*) dismissing her appeal from an order of the District Court (Ellsworth, *Staples, J.*) denying her motion for relief pursuant to M.R.Civ.P. 60(b). Because we agree with the Superior Court that Eschete's appeal was untimely, we affirm the judgment of the Superior Court.

The facts are summarized as follows: Derek Briggs was born June 14, 1987 to Audra Eschete and Kevin Briggs. Eschete and Briggs lived together at the time of Derek's birth and for the year following. In July 1988, Briggs filed an action for custody and visitation pursuant to 19 M.R.S.A. § 214 (Supp.1993). Prior to the hearing, the parties participated in two mediation sessions, but before the third scheduled session, Eschete and the child moved to Louisiana.[1]

Eschete was present, through her attorney, at the May 1991 hearing for determination of parental rights and responsibilities. On May 9, 1991, the court ordered that the physical residence of Derek be with Briggs and awarded Briggs sole parental rights and responsibilities regarding Derek. Ten months later, Eschete filed a motion for relief from the May 1991 order pursuant to M.R.Civ.P. 60 & 61 requesting that the court change its order pertaining to parental rights and responsibilities.[2]

On September 16, 1992, the District Court denied Eschete's prayer for relief. Sixty-nine days later Eschete appealed to the Superior Court.[3] The appeal was dismissed on February 11, 1994 on the basis that it was not timely. Eschete's timely appeal to us followed.

Although, the denial of a Rule 60(b) motion is appealable, *Fleet Bank of Maine v. Hunnewell,* 633 A.2d 853, 854 (Me.1993), the time in which to appeal from the District Court to the Superior Court applicable to this action is 10 days from the entry of judgment. M.R.Civ.P. 76D.[4] The District Court's denial of Eschete's Rule 60(b) motion

was entered on September 16, 1992. The May 1991 order was a final disposition as to the dispute between these two parties. *See Gagnon v. Allstate Ins. Co.,* 635 A.2d 1312 (Me.1994) (A judgment is final when the trial court's determination fully decides and disposes of the whole matter, leaving nothing for further consideration and no subsequent proceeding will render the appellate court's decision immaterial.) Eschete's notice of appeal was filed more than 10 days from the entry of judgment. M.R.Civ.P. 76D. We agree with the Superior Court that the appeal was untimely.[5]

The entry is:

Judgment affirmed.

All concurring.

---

1. 19 M.R.S.A. section 214(4) requires parties attempt mediation prior to a contested hearing for custody when minor children are involved.

2. Pursuant to M.R.Civ.P. 60(b) a court may relieve a party from a final judgment for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party....

3. Eschete also filed a motion to amend the custody order based on changed circumstances and visitation problems pursuant to 19 M.R.S.A. § 214. Her motion was denied. On appeal, the Superior Court affirmed the District Court's find-

ing of no change in circumstances which was not challenged further.

4. Effective August 2, 1993, the rule was amended to allow an appeal to the Superior Court 30 days from entry of judgment. M.R.Civ.P 76D.

5. Eschete claims she lost her "day in court" and the merits of this case have never been addressed. We find this simply untrue. Eschete could have attended the May 1991 hearing. Rather, she left the state during a pending custody proceeding. More significantly, she could have appealed the May 1991 order in the first instance.