**James HANSON**

v.

**Patricia HANSON.**

Supreme Judicial Court of Maine.

Submitted on briefs Jan. 6, 1995.

Decided Feb. 8, 1995.

Roger G. Innes, Mt. Desert, for plaintiff.

Sandra Hylander Collier, Ferm, Collier & Larson, Ellsworth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Patricia Hanson appeals from the Superior Court order (Hancock County, *Browne, ARJ.*) dismissing as untimely her appeal from an amended divorce judgment of the District Court (Bar Harbor, *Staples J.*). Because we find that the Superior Court retained jurisdiction to dispose of the appeal and no additional notice of appeal was necessary after the entry of the amended judgment, we vacate the judgment of the Superior Court and remand for consideration of the appeal.

This case involves two young children and a long, bitterly contested divorce. Patricia and James Hanson married in 1976 and commenced this action in October 1990 after fourteen years of marriage. The trial court *(Staples, J.)* entered a divorce judgment on January 15, 1992, which Patricia appealed to the Superior Court.

The Superior Court (*Mead J.*) affirmed the District Court's judgment in part, but found that review of the court's division of the marital property and allocation of a lump sum alimony award was not possible given the absence of a factual justification in the record. The court remanded the case to the District Court for that factual finding and for an entry of a final judgment on the remaining issues on appeal.[1]

On remand, the District Court made findings of fact to justify its division of the marital property and its failure to award periodic alimony. The court then entered an amended divorce judgment. Patricia filed a notice of appeal from the entry of the amended divorce judgment. The Superior Court (*Browne, ARJ.*) dismissed the appeal as untimely on the basis that the notice of appeal was not filed within 30 days from the date of the entry of the amended judgment. M.R.Civ.P. 76D.

Patricia asserts that the Superior Court retained jurisdiction over her appeal pending the remand to the District Court for findings of fact, and therefore, her notice of appeal from the amended divorce judgment was unnecessary. We agree.

When it considered the appeal from the original divorce judgment, the Superior Court had an inadequate record before it. It duly noted that flaw in the District Court judgment and remanded to the District Court for factfinding. Implicit in that request for factfinding was the retention of jurisdiction over the appeal.[2] We discern no purpose served by the remand for factfinding had the Superior Court intended to relinquish jurisdiction to the District Court. By remanding for factfinding, the Superior Court preserved its authority to rule on the appeal once the necessary facts for review were provided by the District Court. Consequently, the notice of appeal filed after the entry of the amended divorce judgment was superfluous. Patricia filed a timely notice of appeal after entry of the January 15, 1992 divorce judgment, and with its remand order, the Superior Court retained jurisdiction to consider her appeal after the District Court made its findings of fact and entered the amended judgment.[3]

The entry is:

Judgment vacated. Remand to the Superior Court for consideration of the appeal from the amended judgment of the District Court.

All concurring.

1. The docket entry reflects that the Superior Court vacated the judgment of the District Court in part, affirmed the judgment in part and remanded to the District Court for entry of an amended judgment.

2. The District Court, at all times relevant to this appeal, respected the Superior Court's retention of jurisdiction. The docket entry following Patricia's notice of appeal in error noted:

> Notice of Appeal, filed ... with Defendant's Application to Proceed in Forma Pauperis. Applicati[o]n to Proceed in Forma Pauperis given to Judge Staples. On 1/10/94, Judge Staples did not sign Application as this case *does not need a Notice of Appeal* filed but just sent to Superior Court because of Justice Mead's order of 5/27/93 ordering case to be remanded to make further findings regarding division of marital property.

(Emphasis added). Similarly, at a hearing following the entry of the amended divorce judgment, the court noted:

> Hearing held on October 4, 1993 on Plaintiff's Motion to Compel Discovery filed on July 15, 1993. *This matter is again before the Superior Court on appeal after this Court's order dated September 13, 1993 and therefore all economic issues are stayed pending appeal.* Therefore, Plaintiff's Motion to Compel is denied with leave to renew the motion subsequent to remand on appeal.

(Emphasis added).

3. Resolution of this divorce has been inhibited by misinterpretation and misunderstanding of various judicial rulings. Better judicial practice certainly would have been for the Superior Court, in the first instance, to explicitly retain jurisdiction to finally review the marital property division and alimony issues. *See Sanborn v. Town of Eliot*, 425 A.2d 629 (Me.1981). We cannot refrain from commenting, however, that the confusion could have easily and promptly been avoided had the parties merely inquired as to the court's intent upon realizing that the Superior Court's judgment was subject to more than one interpretation. Such effort would have effectively eliminated two years of unnecessary motions, hearings, and delay.