STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-02-9

Gary A. Fogg,
     Appellant

DONALD L. GARBRECHT
LAW LIBRARY

AUG 13 2002

v.

Order on Motion to Dismiss

Town of Eddington,
     Appellee

and

Peter Roderick et al.,
     Intervenors

FILED & ENTERED
SUPERIOR COURT

JUL 3 1 2002

PENOBSCOT COUNTY

Pending before the court is the intervenors' motion to dismiss, in which the intervenors argue that the appellant, Gary A. Fogg, did not file his notice of appeal from the decision of the Town's Zoning Board of Appeals in a timely way. The Town has joined in that motion. Fogg has filed an objection to the motion. The court has considered the parties' submissions.

This matter previously has been before the court in the context of Fogg's first appeal from the Board's denial of his application for a building permit. There, the court concluded that the basis for the Board's action was not supported by the record evidence, and, as a result, the court remanded the matter to the Board "for further proceedings consistent with this opinion." On February 28, 2002, the Board conducted another hearing on Fogg's permit application. The transcript of that meeting has been filed as part of the record on appeal. At that meeting, the parties and the intervenors agreed to incorporate by reference the evidence presented at the first hearing, and Fogg and the intervenors then proceeded to present additional evidence to the Board. The parties and the intervenors were fully in accord with that procedure. On the basis of those presentations, at the close of the meeting, the Board again voted to deny Fogg's permit application.

1

Fogg filed his appeal to this court on May 2, 2002. The forty-fifth day after February 28 was April 14, which was a Sunday. If Fogg was subject to the statutory forty-five day limitation for filing an appeal from the Board's February 28 decision, *see* 30-A M.R.S.A. § 2691(3)(G), then the present appellate action was not commenced in a timely way and is subject to dismissal.

When an order on appeal vacates a lower decision and remands the case to the lower adjudicative body, there arises the question of whether that order on appeal constitutes a final judgment. The answer to this question rests on the nature of the remand order. *Wheeler v. Maine Unemployment Insurance Commission*, 477 A.2d 1141, 1145 (Me. 1984). If the remand might generate further proceedings that would affect the issues reviewed on appeal, then the remand order is viewed as falling short of a final judgment. *Id.* On the other hand, if the purpose of the remand is to allow the lower body to "address a procedural or ancillary matter distinct from the issue" that was considered by the appellate court, then the remand order amounts to a final judgment. *Id. See also MacDougal v. MacDougal*, 403 A.2d 783, 784 (Me. 1979) (in divorce actions, where Superior Court remands case to District Court for "further proceedings," Superior Court's order is not a final judgment). Additionally, if the purpose of the remand is to allow the lower body merely to enter a specific judgment or engage in some other ministerial act, then the appellate court's remand order constitutes a final judgment. *Zillert v. Zillert*, 395 A.2d 1152, 1153 n.2 (Me. 1978).

The record clearly shows that the parties and the intervenors themselves did not treat this court's prior order on appeal as a final judgment. Rather, Fogg and the intervenors went to the February 28 meeting willing and ready to submit additional evidence to the Board on the issues raised in this court's prior order. Further, the intervenors did not object to the submission of that additional evidence. Indeed, the record demonstrates that they viewed the February 28 hearing as an opportunity to supplement the record created prior to the first appeal.

"When the Superior Court remands to an administrative board or agency for the purpose of having it take further action reviewable by the Superior Court, the court should retain jurisdiction awaiting the outcome of those further administrative board or agency proceedings." *Valdastri v. City of Bath*, 521 A.2d 691, 692-93 (Me. 1987). That

was the case here, based at least on the manner in which the parties and intervenors themselves viewed the procedural posture of the case on remand to the Board. At the February 28 hearing before the Board, the parties continued their presentation of evidence on the merits and substance of Fogg's permit application. In its essence, the parties and intervenors treated the February 28 hearing as an extension of the prior hearing that led to the first appeal. In that circumstance, because the court retains jurisdiction, the court "preserves its authority to rule on the appeal," and a second notice of appeal becomes "superfluous." *Hanson v. Hanson*, 654 A.2d 424, 425 (Me. 1995). The date when Fogg filed his notice of appeal from the Board's February 28 decision is consequently immaterial. Therefore, under the circumstances at bar, the court is deemed to retain jurisdiction, and the intervenors cannot now be heard to contend that this court's order on appeal constituted a final judgment that would trigger a separate appellate process from any decision made by the Board following remand.

The court acknowledges that the "better practice" would have been to make the retention of jurisdiction "explicit." *Hanson*, 654 A.2d at 425 n.3. However, the parties also had the opportunity to seek clarification of the status of the court's role following remand but did not do so, *id.*, and, in any event, the nature of the February 28 hearing makes clear that the parties viewed that hearing as the next chapter in a continuous process.

The entry shall be:

For the foregoing reasons, the intervenors' motion to dismiss is denied.

Dated: July 31, 2002

_____
Justice, Maine Superior Court

3

Date Filed 5/2/02     Penobscot    Docket No. _____ AP-2002-9

County       AP-00-60   Consolidated

Action ___ Rule 80B   Appeal _____

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

Peter Roderick and Carol Roderick,
Intervenor 7/8/02
TOWN OF EDDINGTON

GARY A FOGG        vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Donald Brown Esq<br>Stillwater Professional Park<br>36 Penn Plaza<br>Bangor ME   04401 | GILBERT & GREIF, P.A.<br>82 COLUMBIA ST. - P O BOX 2339<br>BANGOR, ME   04402 2339<br>BY:   CHARLES E. GILBERT, III<br>FOR:   TOWN OF EDDINGTON |
| | RUDMAN & WINCHELL, LLC<br>84 HARLOW ST - P O BOX 1401<br>BANGOR, ME   04402-1401<br>BY:   EDMOND J. BEAROR, ESQ.<br>      Luke M. Rossignol, Esq.<br>FOR:   Intervenors, Peter & Carol Roderick |

| Date of Entry | |
|---|---|
| 5/2/02 | Complaint filed. |
| 5/6/02 | Notice and Briefing Schedule (80B Appeal of Governmental Actions) forwarded to attorney for the Plaintiff and to Town of Eddington, 906 Main Road, Eddington, ME   04428 |
| 5/10/02 | Letter received by Charles E. Gilbert, III, Esq., entering his appearance on behalf of the Tow of Eddington. |
| 5/10/02 | Copy of Notice and Briefing Schedule (80B Appeal of Governmental Actions) forwarded to Atty. Charles Gilbert III. |
| 5/15/02 | Officer's Return of Service as to Defendant Town of Eddington filed. (s.d. 5/7/02 to Pamela Violette, Clerk) |
| 5/24/02 | Motion to Extend Time to File Appellant's Brief pursuant to Rule 80B(G) MRCivP. filed. |
| 5/29/02 | Amended Motion to Extend Time to file Appellant's Brief pursuant to Rule 80b(G) MRCivP filed by Plaintiff/Appellant. |
| 5/30/02 | File presented to Justice Hjelm for review. |
| 6/3/02 | File returned by Justice Hjelm, order issued. |
| 6/3/02 | Order filed.   Motion to Extend Time to File Appellant's Brief is hereby: GRANTED, brief due 6/25/02.   Hjelm, J.)   Copy forwarded to all attorneys of record. |
| 5/31/02 | Motion to Intervene (MRCivP 19 and 24(a) & (b) filed by Peter and Carol Roderick. |
| 5/31/02 | Motion to Dismiss with Memorandum of Law filed by Peter and Carol Roderick.   Attachments attached. |

STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT, SS                                       CIVIL ACTION
                                                    Docket No. AP-02-9
                                                    JLH - PEN - 1/3/2003


Gary A. Fogg,
        Appellant
                            DONALD L. GARBRECHT
                                 LAW LIBRARY

        v.
                                 JAN 22 2003
                                                    Order on Appeal

Town of Eddington,
        Appellee
                                          FILED & ENTERED
                                          SUPERIOR COURT

        and                                          JAN 08 2003

Peter Roderick et al.,
        Intervenors                       PENOBSCOT COUNTY


        Pending before the court is the appeal of Gary A. Fogg from a post-remand
decision of the Town of Eddington Zoning Board of Appeals ("the Board"), finding that
the Town's Code Enforcement Officer erred in issuing him a building permit for the
construction of a 30' by 100' metal building. For the reasons set out below, the court
concludes that the Board's decision is affected by error of law and again remands the
case to the Board for further proceedings.

        The procedural and factual background underlying this action is set out in the
court's December 29, 2001, "Order on Appeal" in *Fogg v. Town of Eddington*, AP-00-60
(Superior Court, Penobscot County). In short, in September 2000, Fogg applied for the
issuance of a building permit, contending that the proposed structure would be an
accessory use to the residence located on land that is situated on the other side of a road
from the proposed building site. The Town's CEO approved the application and issued a
building permit. Abutting landowners (the intervenors in this action) appealed to the
Board. The Board held a public hearing in late November 2000, and as a result of that
hearing the Board concluded that the proposed structure was not an accessory use and
that consequently the CEO improperly issued the building permit to Fogg. Fogg filed an


1

appeal from the Board's decision to the Superior Court. The court remanded the proceeding to the Board because the record did not contain sufficient evidence to support the Board's conclusion that, due to the relative locations of Fogg's residence and the proposed structure, the latter could not be viewed as an accessory use to the former.

After remand, the Board held a second hearing, in February 2002. The Board was constituted identically to the November 2000 hearing. Fogg, one of the intervenors and several other people made presentations to the Board. The parties to this action agreed that the record from the first hearing could be used in the Board's post-remand assessment of the case. After the Board received additional evidence and evaluated the record as a whole, it concluded by a 3-2 vote that the situs of the proposed structure was on a different lot from the parcel where Fogg's residence is located. By the same vote, the Board also found that the proposed structure therefore could not be regarded as an accessory to the residential structure because there were on separate lots. On this basis, the Board concluded that Fogg was not entitled to the building permit that the CEO had issued to him. From that decision, Fogg has again appealed to this court.[1] See 30-A M.R.S.A. § 2691(3)(G); M.R.Civ.P. 80B.

On an appeal to the Superior Court, the court reviews the Board's decision "for abuse of discretion, errors of law, or findings not supported by substantial evidence in the record." *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 7, 782 A.2d 783, 785 (citation and internal punctuation omitted). The reviewing court "is not free to substitute its judgment for the Board's. . . ." *Leadbetter v. Ferris*, 485 A.2d 225, 227 (Me. 1984). For the reasons set out in the "Order on Appeal" associated with Fogg's appeal from the November 2000 Board decision, this court reviews the Board's decision denying the permit to Fogg rather than the CEO's decision to grant that permit.

---

[1] After Fogg filed his appeal, the intervenors moved to dismiss the appeal on the ground that the filing was untimely. The motion was denied because the court retained jurisdiction over the matter during the remand, and a timely notice of appeal was not required in order to confer this court with jurisdiction over the Board's 2002 decision. Subsequent to the denial of the motion to dismiss, the Law Court issued an opinion that may be seen to provide additional support to Fogg's opposition to the motion to dismiss. *See Doggett v. Town of Gouldsboro*, 2002 ME 175, --- A.2d ---.

The ultimate question presented to the Board was whether the proposed structure constitutes an "accessory use" that would be permitted in the district designated as "Residential B" within the Town of Eddington.[2] Under the town's ordinances, an "accessory" is something "[c]ommonly associated with or in support of the primary or principal use of a lot or structure." TOWN OF EDDINGTON, MAINE ZONING ORDINANCE § 102. In pertinent part, the Town's ordinance defines a "lot" as "[a]n area of land in one ownership, or one leasehold, with ascertainable boundaries established by deed or instrument of record. . . ." Id.

The undisputed evidence presented to the Board establishes that Fogg occupies[3] a tract of land that is roughly 100 acres. That tract's boundaries are described in a deed, and the deed presents he parcel as a single piece of land. See R. 4. Both the residence, where is currently stands, and the proposed structure, where Fogg wants to build it, would be on the same parcel described in the deed. The deed reveals that the Fogg property as described in that instrument is the same land as was conveyed without any changes several times as far back as 1911. The parcel, however, is bisected by state route 178, and Fogg receives separate municipal tax bills for the two portions of the parcel. Relying on the tax treatment of Fogg's land interests, and referring to statutory provisions governing subdivisions, the Board concluded that the land where Fogg seeks to erect the proposed structure is a lot that is separate from a lot where the residence sits. The former is undeveloped except for a tower used for electronic transmissions and a small maintenance building associated with the tower. The intended purpose of the proposed structure is unrelated to the tower facility. Rather, Fogg contends that the proposed structure will be an accessory to the residence, which is located across the road. However, because the Board concluded that route 178 had the effect of creating two separate lots, it further concluded that the proposed structure could not be an accessory

[2] At the February 2002 hearing, all parties agreed that the proposed building would not fall into any of the other uses permitted in Residential B. See TOWN OF EDDINGTON, MAINE ZONING ORDINANCE § 202.1 (part of the record in Fogg v. Town of Eddington, AP-00-60).

[3] The record owner of the property is actually "Elton Darling Fogg as Trustee under Declaration of Trust." The appellant, who was the permit applicant, currently is in possession of the property.

3

use to the residence because they were on two lots. Therefore, the ultimate basis for denying the building permit to Fogg (or, putting it more precisely, reversing the CEO's issuance of the permit, *see* TOWN OF EDDINGTON, MAINE ZONING ORDINANCE § 515.2) flowed directly from its conclusion that the residence sat on a lot that was separate from the lot where Fogg proposes to build the new structure. Appellate review of this analysis requires a construction of the word, "lot," as defined in the Town's ordinances. The interpretation of a zoning ordinance is a question of law. *See Town of Union v. Strong*, 681 A.2d 14, 17 (Me. 1996).

Here, the plain meaning, *see Springborn v. Town of Falmouth*, 2001 ME 57, ¶ 8, 769 A.2d 852, 855, of the term "lot" as defined in the ordinance required the Board to treat the land described in the deed as a single and unified parcel. In the circumstances of this case, the boundaries of a "lot" are established in a deed. The ordinance's definition does not allow any other method of establishing the identity of a lot, and indeed the parties do not argue otherwise here. Rather, the Town and intervenors contend that in other contexts, a road that runs though a lot has the effect of creating two lots and that route 178 created that result here. The Board members who voted in the majority accepted that analysis. However, as a matter of law, this analysis ignores and is undermined by the ordinance's own definition of a "lot." In this way, the Board's decision was fatally affected by an error of law and must be vacated.

The entry shall be:

For the foregoing reasons, the decision of the Town of Eddington Zoning Board of Appeals is vacated. This matter is remanded to the Board for consideration of whether the proposed structure constitutes an "accessory use," when the land as described in the deed is treated as a single lot. The court shall retain jurisdiction over this matter.

Dated: January 3, 2003

Justice, Maine Superior Court
Jeffrey L. Hjelm

4

Date Filed 5/2/02 _____ _____Penobscot_____ Docket No. _____AP-2002-9_____
                                    County                        AP-00-60  Consolidat

Action ___Rule 80B  Appeal_____

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

|  |  |  |
|---|---|---|
|  |  | Peter Roderick and Carol Roderick, |
|  |  | Intervenor 7/8/02 |
| GARY A FOGG | VS. | TOWN OF EDDINGTON |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Donald Brown Esq | GILBERT & GREIF, P.A. |
| Stillwater Professional Park | 82 COLUMBIA ST. - P O BOX 2339 |
| 36 Penn Plaza | BANGOR, ME   04402 2339 |
| Bangor ME   04401 | BY:   CHARLES E. GILBERT, III |
|  | FOR:  TOWN OF EDDINGTON |

RUDMAN & WINCHELL, LLC
84 HARLOW ST - P O BOX 1401
BANGOR, ME   04402-1401
BY:  EDMOND J. BEAROR, ESQ.
     Luke M. Rossignol, Esq.
FOR:  Intervenors, Peter & Carol Roderick

| Date of Entry | |
|---|---|
| 5/2/02 | Complaint filed. |
| 5/6/02 | Notice and Briefing Schedule (80B Appeal of Governmental Actions) forwarded to attorney for the Plaintiff and to Town of Eddington, 906 Main Road,  Eddington, ME   04428 |
| 5/10/02 | Letter received by Charles E. Gilbert, III, Esq., entering his appearance on behalf of the Tow of Eddington. |
| 5/10/02 | Copy of Notice and Briefing Schedule (80B Appeal of Governmental Actions) forwarded to Atty. Charles Gilbert III. |
| 5/15/02 | Officer's Return of Service as to Defendant Town of Eddington filed. (s.d. 5/7/02 to Pamela Violette, Clerk) |
| 5/24/02 | Motion to Extend Time to File Appellant's Brief pursuant to Rule 80B(G) MRCivP. filed. |
| 5/29/02 | Amended Motion to Extend Time to file Appellant's Brief pursuant to Rule 80b(G) MRCivP filed by Plaintiff/Appellant. |
| 5/30/02 | File presented to Justice Hjelm for review. |
| 6/3/02 | File returned by Justice Hjelm, order issued. |
| 6/3/02 | Order filed.  Motion to Extend Time to File Appellant's Brief is hereby: GRANTED, brief due 6/25/02. Hjelm, J.)  Copy forwarded to all attorneys of record. |
| 5/31/02 | Motion to Intervene (MRCivP 19 and 24(a) & (b) filed by Peter and Carol Roderick. |
| 5/31/02 | Motion to Dismiss with Memorandum of Law filed by Peter and Carol Roderick.  Attachments attached. |

STATE OF MAINE
PENOBSCOT, SS

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-02-9

FILED
SUPERIOR COURT
DEC 01 2003
PENOBSCOT COUNTY

Gary A. Fogg,
    Appellant

v.

Order on Appeal

Town of Eddington,
    Appellee

and

DONALD L. GARBRECHT
LAW LIBRARY

JAN 8 2004

Peter Roderick et al.,
    Intervenors

This case is again on appeal from the Town of Eddington's denial of the Gary A. Fogg's application for a permit to construct a storage building. The court has considered the parties' submissions on appeal.

The factual and procedural context of this appeal are set out in the court's prior orders dated December 28, 2001, in AP-00-60 and the order dated January 3, 2003, in this case.[1] In summary, Fogg filed an application for a building permit to allow him to construct a metal structure, which would be 100' by 30' and up to 18' in height. The site of the building would be across the street from Fogg's residence. The land is in residential zone B, which is "a zone for residential use of existing housing and new multi-family housing." TOWN OF EDDINGTON, MAINE ZONING ORDINANCE § 202 (Ordinance). The ordinance also permits "accessory uses" within residential zone B. The ordinance defines an "accessory" as one that is "[c]ommonly associated with or in support of the

---

[1] Fogg's appeal from the Board's initial decision, resulting in the December 2001 order, was docketed as AP-00-60. After the case was remanded and Fogg filed an appeal from the Board's next order, that appeal was docketed as AP-02-9. This court retained jurisdiction over the case after it remanded the matter for a third hearing by the Board, and Fogg's appeal from that decision is part of the 2002 case.

primary or principal use of a lot or structure." *Id.*, § 102. The Town's code enforcement officer issued the permit sought by Fogg. However, that decision was appealed by the intervenors at bar, and the appeal was addressed by the Town's Zoning Board of Appeals (ZBA). As is discussed in this court's December 2001 order, the Board was deemed to have conducted a *de novo* hearing and vacated the building permit issued by the CEO. This court in turn vacated that decision and remanded the matter to the ZBA for further proceedings occasioned by uncertainty in the record regarding the location of the proposed structure relative to the location of the principal building (namely, the residence situated on the parcel). On that remand, the ZBA again, in effect, denied the permit application, this time because it concluded that the metal building would be situated on a lot different than the lot where the primary structure was located and that, as result, the proposed building could not be regarded as an accessory to the existing one. On appeal, this court concluded that under the definitional provisions included in the ordinance, the buildings in fact would be on the same lot and that basis for the ZBA's decision was therefore legally flawed. The case was then remanded for further consideration of Fogg's permit application in light of that clarification.

On that remand, at a hearing held on February 10, 2003, *see* R. 18, the ZBA incorporated the evidentiary record developed at the prior hearings and accepted additional evidence, which included testimony from the intervenors and another neighbor, Gary Poisson, who had testified at the first hearing. Poisson testified on both occasions that the metal building is not typical in the Town's residential areas. After considering and discussing the evidence, the ZBA rejected, by a vote of 3 to 2, a motion to deny the intervenor's appeal from the CEO's decision to issue the building permit. The ZBA then voted 3 to 2 to grant that appeal and thereby vacate the CEO's decision. The ZBA followed up on the action it took at the meeting by issuing a written decision, which embodied the majority's conclusion reached at the February 10 hearing. *See* R. 19. Mirroring the focus of the discussion held at the meeting, the written decision noted that the decision adverse to the appellant was based on the majority's conclusion that "the metal building of that size was [not] commonly associated with, or in support of residential uses." *Id.*

On this appeal, Fogg argues that the Board's decision was erroneous. Such factual findings are reviewed to determine if they are supported by substantial evidence in the record. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 7, 782 A.2d 783, 784. As the permit applicant, Fogg must demonstrate here that on the hearing record, the ZBA was compelled to reach a contrary conclusion. *Veilleux v. City of Augusta*, 684 A.2d 413, 415 (Me. 1996). Here, the record did not require the Board to conclude that the structure envisioned by Fogg would be an accessory use to the residence located on the same parcel. As the court noted in the December 2001 order issued in AP-00-60, the Board was presented with evidence at its first hearing, conducted on a *de novo* basis, that Fogg's proposed building was not of a type commonly used in the Town's residential zoning district B. *See* "Order on Appeal," December 28, 2001, AP-00-60, Superior Court (Penobscot Cty.) at 5-6. Similar evidence was presented to the Board at the February 2003 hearing. This evidence included, but was not limited to, the presentation of Gary Poisson. The majority membership of the Board agreed with this observation.

In *Town of Shapleigh v. Shikles*, 427 A.2d 460 (Me. 1981), the Law Court identified several factors germane to the determination of accessory use. Those considerations include some dependency or relationship of the proposed accessory use to the primary use, the reasonableness of that relationship, and the existence of custom under which it is common, habitual and well-established for the proposed use to serve an accessory to the primary use. *Id.* at 465. Here, the record warranted the Board in concluding that a metal building of the size proposed by Fogg is not typical of accessory structures that "are in keeping with the traditional pattern of development in residential neighborhoods in the Town of Eddington." Ordinance, § 202. Therefore, the Board was not compelled to reach the contrary conclusion that would have been necessary to deny the intervenors' appeal.

Fogg also argues that the Board erred in failing to characterize its decision as one where it found that the CEO's decision to grant his permit application was erroneous. For the reasons noted in the December 2001 order, however, the Board was required to conduct a *de novo* hearing on Fogg's permit application once the matter had been submitted to it pursuant to the intervenors' appeal. Accordingly, the Board did not act in an appellate capacity. The question was not whether the CEO erred in issuing the permit,

but whether the record developed before the Board itself supported its independent factual and legal analyses. The manner in which the Board framed its decision was therefore not error.

The docket entry shall be:

For the foregoing reasons, the decision of the Town's Zoning Board of Appeals is affirmed.

Dated: November 28, 2003

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

Date Filed 5/2/02    Penobscot    Docket No. AP-2002-9

County

AP-00-60 Consolidate

Action Rule 80B Appeal

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

GARY A FOGG

vs.

Peter Roderick and Carol Roderick,
Intervenor 7/8/02
TOWN OF EDDINGTON

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Donald Brown Esq | GILBERT & GREIF, P.A. |
| Stillwater Professional Park | 82 COLUMBIA ST. - P O BOX 2339 |
| 36 Penn Plaza | BANGOR, ME  04402 2339 |
| Bangor ME  04401 | BY:  CHARLES E. GILBERT, III |
| | FOR:  TOWN OF EDDINGTON |
| | RUDMAN & WINCHELL, LLC |
| | 84 HARLOW ST - P O BOX 1401 |
| | BANGOR, ME  04402-1401 |
| | BY:  EDMOND J. BEAROR, ESQ. |
| | Luke M. Rossignol, Esq. |
| | FOR:  Intervenors, Peter & Carol Roderick |

| Date of Entry | |
|---|---|
| 5/2/02 | Complaint filed. |
| 5/6/02 | Notice and Briefing Schedule (80B Appeal of Governmental Actions) forwarded to attorney for the Plaintiff and to Town of Eddington, 906 Main Road,  Eddington, ME  04428 |
| 5/10/02 | Letter received by Charles E. Gilbert, III, Esq., entering his appearance on behalf of the Town of Eddington. |
| 5/10/02 | Copy of Notice and Briefing Schedule (80B Appeal of Governmental Actions) forwarded to Atty. Charles Gilbert III. |
| 5/15/02 | Officer's Return of Service as to Defendant Town of Eddington filed. (s.d. 5/7/02 to Pamela Violette, Clerk) |
| 5/24/02 | Motion to Extend Time to File Appellant's Brief pursuant to Rule 80B(G) MRCivP. filed. |
| 5/29/02 | Amended Motion to Extend Time to file Appellant's Brief pursuant to Rule 80b(G) MRCivP filed by Plaintiff/Appellant. |
| 5/30/02 | File presented to Justice Hjelm for review. |
| 6/3/02 | File returned by Justice Hjelm, order issued. |
| 6/3/02 | Order filed.  Motion to Extend Time to File Appellant's Brief is hereby: GRANTED, brief due 6/25/02.  Hjelm, J.)  Copy forwarded to all attorneys of record. |
| 5/31/02 | Motion to Intervene (MRCivP 19 and 24(a) & (b) filed by Peter and Carol Roderick. |
| 5/31/02 | Motion to Dismiss with Memorandum of Law filed by Peter and Carol Roderick.  Attachments attached. |