## STATE *v.* SPRING.

*(Knoxville,* September Term, 1943.)

Opinion filed January 8, 1944.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

HOBART F. ATKINS, of Knoxville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this case John Spring was arrested for carrying a pistol and brought before the city court of Knoxville. By that court he was bound over to the present term of the criminal court of Knox County. At the time the bond was taken the grand jury in the criminal court had adjourned so that no indictment was found at the term then current.

At the next term of the criminal court no indictment. was found but a general order was entered continuing all unfinished business to the next subsequent term.

At the subsequent term an indictment was found against the defendant and application was made by the sureties on his appearance bond to be released from liability on account of the delay in the return of the indictment. The criminal judge held that the sureties were released and the State has appealed.

There is a conflict of authorities as to the liability of sureties when they have executed a bond for a defendant's appearance at a particular term of court and that term passes without any indictment having been found. This conflict is said to arise partly from differences in the terms of the bonds as well as from different views entertained by the courts as to the liability of sureties under such circumstances. A review of these cases would not be profitable here. They are collected in a Note in 20 A. L. R., 596, a Note in L. R. A., 1916F, 371, 6 C. J., 1029, 8 C. J. S., Bail, section 79, p. 156, 6 Am. Jur., 107.

The bond in the case before us is in the form set out under Code, section 11663, respecting bail not taken in open court and is conditioned that the defendant appear at the present term of the criminal court "and does not depart the court without leave." The bond is not in the form prescribed by Code, section 11664 for bonds taken in open court conditions that a defendant appear at the "present term of this court, and from day to day and term to term," etc.

■ A bond is to be construed according to its terms, unless those terms conflict with some statutory provision as to its contents. Here the language used follows the language of the statute. Since the defendant was bound by this obligation not to "depart the court without leave," and the record shows no such application on his part, we see no ground upon which the sureties can claim their release. They could have surrendered the defendant and procured their release at any time, or they could have made application for discharge to the court when the grand jury failed to indict. The condition of the bond the sureties signed has obviously been breached and they must be held to their obligation.

Reversed and judgment for the State.