**STATE of Maine**

v.

**Lloyd Gene ELLIS a/k/a Eugene L. Ellis and Alois A. Croto and John F. Bieske.**

Supreme Judicial Court of Maine.

Jan. 11, 1971.

POMEROY, Justice.

On November 13, 1968, Lloyd Gene Ellis a/k/a Eugene L. Ellis, was bound over in the District Court to await the action of the Grand Jury at the January 1969 Term of Superior Court for Penobscot County on the charge of breaking, entering and larceny in the nighttime (17 M.R.S.A. 2103). On that day he gave bail and executed a bail bond in form agreeable to Form 33, Maine Rules of Criminal Procedure.

Appellants Alois A. Croto and John F. Bieske were sureties on this appearance bond.

Upon the execution of the bail bond a contract arose between the State of Maine and the Appellants (United States v. Summit Fidelity & Surety Company, C.A.Ky., 408 F.2d 46), by the terms of which the Appellants undertook to guarantee the appearance of Gene Ellis [1] in the Superior Court of the State of Maine, Penobscot County, City of Bangor, at 10:00 a. m. on the first Tuesday of January, 1969, and to appear in accordance with all orders and directions of the Court relating to his appearance in the case of *State of Maine v. Ellis.*

An indictment was returned January 10, 1969, charging Ellis with breaking, entering and larceny in the nighttime. On January 16, 1969, he was in Court, was given a copy of the indictment, counsel was appointed and his bail was continued to January 21, at which time he was arraigned.

Upon a plea of not guilty being entered, his case stood continued from day to day for trial and his bail was ordered continued. Trial of the case was commenced on February 18, 1969, and recessed for the night, to continue February 19, 1969. At that time the Defendant did not appear and after a considerable delay the Court ordered bail forfeited. A mistrial was ordered on motion entered February 20, 1969.

Errol K. Paine, County Atty., Bangor, for plaintiff.

Albert H. Winchell, Jr., Bangor, for Ellis. Grover G. Alexander, Gray, for Sureties.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE and POMEROY, JJ.

---

1. The principal's signature on the bail bond appears as Gene L. Ellis.

On that date the State filed a Motion for Judgment of Default and Issuance of execution against the principal and the sureties on the bail bond. Notice of the Motion was ordered by the Presiding Justice and notice of hearing on the Motion was given to Appellants Croto and Bieske by the Clerk, acting in accordance with the Court's order.

A hearing on the Motion for Judgment of Default and Issuance of execution was had on February 28, 1969, at which hearing the sureties were present with counsel and participated.

During the morning of the day of that hearing Ellis was apprehended by the Police in Portland, Maine, and was brought to the Superior Court at Bangor that afternoon. Upon being brought to Bangor, he appeared with counsel and participated in the hearing on the Motion for Judgment of Default and Issuance of execution.

At the conclusion of the hearing on February 28, 1969, the Presiding Justice entered Judgment of Default in the sum of $15,000.00 and ordered execution to issue thereon.

On March 27, 1969, a motion seeking the setting aside of the Judgment and Order of the forfeiture of the bail was filed. Hearing on this motion was held on April 9, 1969. At the conclusion of this hearing the Court entered Findings of Fact and Order in the following tenor:

"The Court finds that Justice does not require the enforcement of full amount of the judgment of forfeiture. It is therefore ordered: that all of said judgment of default in the sum of $15,000.00 be remitted on condition that Alois A. Croto and John F. Bieske pay to the Clerk of Courts of Penobscot County the sum of $5,000.00 on or before May 9, 1969. Otherwise, if said amount of $5,000.00 is not paid by said May 9, 1969 the judgment of Default in its full amount is to remain in full force and effect and execution to issue thereon on said May 9th on failure of said sureties

to pay said sum on said date as aforesaid."

A Notice of Appeal, purporting to appeal from the Judgment February 28, 1969, and the Judgment of April 9, 1969, was entered May 6, 1969, by Croto and Bieske.

At the hearing February 28th, Appellants, through counsel, raised many issues as to the enforceability of the bail bond. The same questions are here raised.

The State contends the issues raised in the hearing of February 28th, as to which there was adverse ruling by the Presiding Justice, are not here available for review because the appeal was not timely.

The first question we must decide then relates to the jurisdiction of this Court to hear the appeal from the Court's Judgment of February 28, 1969.

Enforcement of the conditions of a bail bond is a civil proceeding governed by the Maine Rules of Civil Procedure. Rule 73 of these rules fixes the time within which an appeal may be taken as 30 days from the entry of the Judgment. The 30-day appeal period may be extended only in the three ways provided in Rule 73(a).

"Timely filing of notice of appeal in compliance with M.R.C.P. 73(a) is mandatory and jurisdictional, and if notice of appeal is not filed within the time provided, the right to appeal is lost and the appeal must be dismissed."

Kittery Electric Light Co. v. Assessors of Town of Kittery, Me., 219 A.2d 744.

■ The entry of judgment on the State's Motion for Judgment of Default and Issuance of execution on forfeiture of bail was a final judgment upon its being entered February 28, 1969. Since no appeal was taken within the 30-day appeal period provided by Rule 73, M.R.Civ.P., and since there was no extension in any one of the three ways expressly provided in Rule 73(a), this Court is without juris-

diction to entertain the purported appeal from that judgment.

In their briefs Appellants rely on the observation made by *Orfield* in his excellent treatise on Criminal Procedure under Federal Rules, that

> "Orderly procedure requires that the questions concerning the right to remission be heard in the Court of Appeals at the same time as the questions as to the validity of the default judgment."

Orfield, Criminal Procedure under the Federal Rules, Vol. 6, Page 305, Sec. 46:131.

In United States v. Miller, 323 F.2d 403, C.C.A.6 (1963), the Court said:

> "In the present appeal, the defendant and the bonding company may question the validity of the judgment by default. Orderly procedure, however, requires that questions concerning the right of the bonding company to remission be heard in this Court at the same time. The questions involved in each matter are closely related. The determination of the bonding company's motion for remission may vitally affect the rights of the defendant."

The Court then said:

> "Leave is, therefore, granted to the District Court to hear and determine the motion filed by the bonding company for remission of the judgment and in connection therewith to take evidence and adopt findings of fact and conclusions of law."

The Mandate was:

> "Judgment in the present case is reserved to await such determination and any appeal taken therefrom will be ordered consolidated with this appeal."

Neither *Orfield's* observation [2] nor the decision in United States v. Miller, supra, can be considered as authority for the proposition that the time requirements of Rule 73, Maine Rules of Civil Procedure, are not controlling in the case now before us for decision.

The appeal from the Order of April 9th was seasonably filed and is properly before us.

■ Since the adoption of the Maine Rules of Criminal Procedure, effective December 1, 1965, all matters relating to the giving of bail and enforcement of conditions of a bail bond are governed by the provisions of Rule 46 of the Rules of Criminal Procedure. The Rule provides that after the Court has entered a judgment of default and ordered execution to issue, the Court may remit such judgment in whole or in part, if it appears that justice does not require the enforcement of the forfeiture.

The general rule that a court is without jurisdiction to set aside a final judgment previously entered is inapplicable to appearance bond forfeiture cases by the express provisions of Rule 46. See Babb v. United States, 414 F.2d 719, C.C.A.10 (1968).

■ The matter of remission is committed by law to the judicial discretion of the Presiding Justice and his Order as to remission will be disturbed only if there is a clear abuse of discretion. Babb v. United States, supra.

The Appellants contend that the Judgment of February 28, 1969, should have been remitted in whole because, they say, they in no way participated in bringing about the default by the principal and they were responsible for the principal's voluntary return to Court on February 28, 1969. The State does not contend the Appellants in any way participated in bringing about the principal's default.

The State does contend, however, that Appellants' contention that "the sureties

---

2. No authority is cited for the position taken.

were clearly responsible for his surrender and return to custody" is not an accurate statement.

The record discloses that at the hearing on February 28, 1969, the following colloquy took place between counsel for the sureties and the Court:

"THE COURT: Now is there any record in which the sureties wish to offer any evidence at this time or advance any contention for the Court's consideration as to whether the forfeiture should be set aside?

"COUNSEL: Well, yes, Judge. Of course I guess it's just a social argument perhaps. They recognize that they did undertake an obligation and a responsibility, and we recognize that Mr. Ellis didn't appear in Court on the morning of the 19th. We are unfamiliar with his reasons for it. When the bail was defaulted and the State took the action that it did to perfect and get execution, immediate inquiry was made to ascertain the whereabouts of Mr. Ellis, and after the sureties came to my office, I urged them to make a very diligent search on inquiry to try to ascertain his whereabouts with a view of bringing him in this morning and moving for a formal exoneration. As I understand it, Mr. Ellis has now been located and he is available in Portland, and we have a phone number for him, and I am informed that he will surrender himself to the police in Portland.

"THE COURT: May the Court inquire as to how long you have had that information?

"COUNSEL: Well, I have had it this morning, Judge.

"THE COURT: May the Court inquire as to how long you have had it?

"COUNSEL: Since this morning.

"THE COURT: At what time?

"COUNSEL: Well, when I came to Court about 9:30.

"THE COURT: You learned this at 9:30 this morning?

"COUNSEL: Yes, Judge.

"THE COURT: Well, the Court suggests that it should have been made available to the County Attorney at 9:31 or as soon as you could have located the County Attorney thereafter. This man is a fugitive from justice. He has at least all the resources of the State searching for him, if not the Federal Bureau of Investigation. The Court suggests that any information you or the sureties have concerning the whereabouts of Mr. Ellis be made available to the County Attorney and Detective Buchanan forthwith.

"The Court is going to recess at this time and await information as to whether that has been done.

"COUNSEL: May we meet with the Court just briefly in Chambers?

"THE COURT: You meet with the County Attorney and Detective Buchanan first and then with the Court.

(At 10:45 o'clock a.m. there was a recess.)"

Subsequent to this recess the Portland Police Department took Ellis into custody in Portland and he was returned to Bangor by the Maine State Police.

All this information was before the Justice who ordered remission of the $10,000.-00. An estimate of the cost to the State which had resulted from the breach of the conditions of the bond by the principal was also before him.

█ The Justice then, in remitting less than the whole amount of the judgment, acted reasonably and properly.

No abuse of discretion is present as to this phase of the case.

The Order of Remission entered by the Presiding Justice was conditioned upon the amount of $5,000.00 being paid by May 9, 1969. The Order then continued with provision that if there was failure on the part of the sureties to pay the sum of $5,000.00 on or before May 9th, the full amount of $15,000.00 was to become due and payable.

The sureties urge that this condition which the Court imposed was an impermissible inhibition on the right of appeal and the judgment was void because it was conditional.

The order cannot be considered as inhibiting appeal rights because payment of the $5,000.00 within the time specified in the order *under protest* would have kept the issues raised from becoming moot. The involuntary payment or satisfaction of a judgment does not affect the right to appeal.[3]

Alternative or conditional judgments at law are void in civil as well as in criminal cases. State v. Sturgis, 110 Me. 96 at 100, 85 A. 474. However, as was pointed out in *Sturgis*, this rule is operative only when there is no statutory authority for such judgments.

In the case at hand Rule 46(e), Maine Rules of Criminal Procedure, expressly authorizes the Court to impose conditions on remission. It follows, since the conditional judgment here entered was one authorized by law, the appellants' position that it is void because it is conditional is without merit.

In considering whether or not to make the remission conditional and what conditions ought be imposed, the Presiding Justice had a right to consider many factors.[4]

We hold that once the Presiding Justice had determined, as he did, that the circumstances of the case compelled him to exercise his judicial discretion in favor of partial remission, he had the right, in considering a motion for remission, to impose as one of the conditions for a partial remission, that payment be made within such time as the Court fixed.[5]

Our reasoning for this conclusion is that just as expenses and inconvenience to the State resulting from the principal's default are proper factors for consideration, so the availability of funds for use by the State and the avoidance of time, effort and expense in collecting the amount forfeited are appropriate considerations on which to base a condition of prompt payment. In the instant case the sureties were given one month in which to pay the reduced amount of the judgment.

This seems eminently fair, just and reasonable.

There was no abuse of discretion in affixing the condition.

The entry must be,

Appeal denied.

MARDEN, J., sat at argument, but retired before decision.

---

3. For collection of cases in which this rule was applied to various factual situations see 4 C.J.S. Appeal and Error § 214 at 637, Note 55.

4. We cannot say under the circumstances to have refused to remit any part of the judgment would have been an abuse of discretion.

5. This is the first occasion we have had to interpret Rule 46(e) (4), Maine Rules of Criminal Procedure, which by its terms refers back to 46(e) (2).