1999 ME 82

**STATE of Maine**

v.

**Percsell WILLIAMS.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 15, 1999.

Decided May 28, 1999.

Norman R. Croteau, Dist. Atty., David Fisher, Asst. Dist. Atty., Auburn, for State.

Stephen M. Brochu, Law Offices of William Maselli, Auburn, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

DANA, J.

[¶ 1] Percsell Williams appeals from an order of the Superior Court (Androscoggin County, *Calkins, J.*) forfeiting Williams's $5000 secured cash bail pursuant to 15 M.R.S.A. § 1094 (Supp.1998) and M.R. Crim. P. 46(f)(1) after finding that Williams possessed alcohol in violation of a condition of his release. Because Williams appealed the order of forfeiture before moving the court to set aside enforcement of the forfeiture and before an entry of judgment of default, we dismiss the appeal.

[¶ 2] In May 1998, a grand jury returned an indictment charging Williams with three counts of aggravated trafficking in a schedule W drug, 17–A M.R.S.A. §§ 1103, 1105 (1983 & Supp.1998), one count of possession of a schedule W drug, 17–A M.R.S.A. § 1107 (Supp.1998), and one count of violation of conditions of release for possessing and trafficking in a scheduled drug, 15 M.R.S.A. § 1092 (Supp.1998). Williams pleaded not guilty to the charges and entered into a bail agreement. The court set secured bail at $5000 cash with certain conditions, including a condition that Williams not possess or use alcoholic beverages or scheduled drugs.

[¶ 3] On July 10, 1998, the State moved to revoke preconviction bail pursuant to 15 M.R.S.A. § 1095 (Supp.1998)[1] and moved for forfeiture of bail pursuant to 15 M.R.S.A. § 1094 (Supp.1998).[2] The State supported its motion with an affidavit of a detective who swore that officers observed Williams on a sidewalk in Lewiston on July 1 with a six-pack of beer, in violation of a release condition.

[¶ 4] On July 22, 1998, the Superior Court (Androscoggin County, *Calkins, J.*) addressed the State's motion for forfeiture of bail. *See* M.R.Crim. P. 46(f).[3] The court

---

1. Title 15 M.R.S.A. § 1095 provides in relevant part:

   **Proceedings for revocation of preconviction bail**
   **1. In general.** The attorney for the State, or the court on its own motion, may move for the revocation of a defendant's preconviction bail based upon probable cause to believe that the defendant has failed to appear as required, has violated a condition of preconviction bail or has been charged with a crime allegedly committed while released on preconviction bail. . . .
   **2. Arrest.** A law enforcement officer may arrest with a warrant, or without a warrant pursuant to Title 17–A, section 15, any defendant who the law enforcement officer has probable cause to believe has failed to appear as required, has violated a condition of preconviction bail or has been charged with a crime allegedly committed while released on preconviction bail. . . .

2. Title 15 M.R.S.A. § 1094 provides in relevant part:

   **Forfeiture of bail; enforcement**
   When a defendant who has been admitted to either preconviction or post-conviction bail in a criminal case fails to appear as required or has violated the conditions of release, the court shall declare a forfeiture of the bail. The obligation of the defendant and any sureties may be enforced in such manner as the Supreme Judicial Court shall by rule provide and in accordance with section 224–A. The rules adopted by the Supreme Judicial Court must provide for notice to the defendant and any sureties of the consequences of failure to comply with the conditions of bail.
   . . . .

3. The Maine Rules of Criminal Procedure, Rule 46(f) provides:

held an evidentiary hearing, found that Williams violated a condition of his release, and ordered a forfeiture of bail pursuant to M.R.Crim. P. 46(f)(1). The next day, the State moved the court to enforce the forfeiture of bail pursuant to M.R.Crim. P. 46(f)(3).[4] The court did not rule on the motion. The following day, Williams appealed the court's declaration of forfeiture of the bail. On August 24, 1998, the Superior Court (Androscoggin County, *Bradford, J.*) denied the State's motion to enforce the forfeiture of bail, stating that the State's motion to enforce forfeiture of bail had already been granted by the court (*Calkins, J.*) and that the court therefore had no authority to address the State's motion. In fact, the court (*Calkins, J.*) had only declared a forfeiture of bail pursuant to M.R.Crim. P. 46(f)(1) and never addressed the State's motion to enforce the forfeiture of bail.

■■■ [¶ 5] Maine law requires the court to declare a forfeiture of bail when an individual violates a condition of release. *See* 15 M.R.S.A. § 1094 (Supp. 1998); M.R.Crim. P. 46(f)(1). On a declaration of forfeiture, the defendant may move the court to set aside the forfeiture. M.R.Crim. P. 46(f)(2). When no motion to set aside a forfeiture has been made within 30 days of the declaration of the forfeiture, or when the court has heard and denied the motion to set aside, the court shall enter a judgment of default of bail. M.R.Crim. P. 46(f)(3). A judgment defaulting bail is a final judgment from which

the defendant may appeal. *See State v. Ellis,* 272 A.2d 357, 359 (Me.1971). After the entry of a judgment of default, the court may remit the judgment in whole or in part if it appears that justice does not require the enforcement of the forfeiture. *See* M.R.Crim. P. 46(f)(4). Like a judgment of default, an order of remission is a final judgment from which the defendant may appeal. *See Ellis,* 272 A.2d at 360.

■■■ [¶ 6] Because Williams appealed from an interlocutory order and not a final judgment, we dismiss the appeal. *See Gagnon v. Allstate Ins. Co.,* 635 A.2d 1312, 1314 (Me.1994). A judgment is final when "1) the trial court's action fully decides and disposes of the whole matter leaving nothing further for the consideration and judgment of the trial court, and 2) no subsequent proceedings in the case will render the appellate court's decision immaterial." *Id.* (quoting *Berry v. Berry,* 634 A.2d 451, 452 (Me.1993)). A declaration of forfeiture of bail is not a final judgment because the court has not fully decided the issue or disposed of the matter—the court may, on defendant's motion, set aside enforcement of the forfeiture pursuant to M.R.Crim. P. 46(f)(2) and the court has not entered a judgment of default pursuant to M.R.Crim. P. 46(f)(3). *See United States v. Vaccaro,* 931 F.2d 605, 606 (9th Cir.1991); *United States v. Ryan,* 580 F.2d 151, 152 (5th Cir.1978); *Larkins v. State of Indiana,* 622 N.E.2d 1299, 1300 n. 1 (Ind.Ct.App. 1993).

**Certain Procedural Provisions Governing Bail**

. . . .

**(f) Forfeiture**

(1) *Declaration.* If there is a breach of condition of a bond, the court shall declare a forfeiture of the bail and give prompt notice to the obligors.

(2) *Setting aside.* The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture.

(3) *Enforcement.* When no motion to set aside a forfeiture has been made within 30 days of notice of the declaration of forfei-

ture, the court shall enter a judgment of default and execution may issue thereon. By entering into a bond the obligors submit to the jurisdiction of the court and their liability may be enforced on motion without the necessity of an independent action.

(4) *Remission.* After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision.

4. By filing the motion to enforce the forfeiture only one day after the court declared a forfeiture of the bail and before the 30 day period set forth in M.R.Crim. P. 46(f)(3) had elapsed, the State's motion was premature.

[¶ 7] Here, the declaration of forfeiture of bail was mandatory because the court concluded that Williams violated a condition of his release. *See* 15 M.R.S.A. § 1094 (Supp.1998); M.R.Crim. P. 46(f)(1). Williams, however, never moved the court to set aside enforcement of the forfeiture and, instead, appealed the declaration of forfeiture. A judgment defaulting bail pursuant to M.R.Crim. P. 46(f)(3) was never entered. Because Williams did not appeal from a final judgment, we dismiss the appeal.

The entry is:

Appeal dismissed.

