MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2016 ME 5
Docket:        And-15-121
Argued:        December 8, 2015
Decided:       January 12, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

STATE OF MAINE

v.

RICHARD E. MURPHY

GORMAN, J.

[¶1]   Richard E. Murphy appeals from a judgment of conviction for domestic violence assault with prior convictions (Class C), 17-A M.R.S. § 207-A(1)(B)(1) (2015), entered in the Superior Court (Androscoggin County, *MG Kennedy, J.*) after a jury trial.   Murphy contends that there was insufficient evidence to convict him of domestic violence assault because the State did not prove beyond a reasonable doubt that he and the victim were "sexual partners," which is an element of the offense.   *See* 17-A M.R.S. § 207-A(1)(A) (2015); 19-A M.R.S. § 4002(4) (2015).   We affirm the judgment.

I.  BACKGROUND

[¶2]  Viewing the evidence in the light most favorable to the State, the jury could rationally have found the following facts beyond a reasonable doubt. *See State v. Cote*, 2015 ME 78, ¶ 2, 118 A.3d 805.  On March 20, 2014, Murphy

2

and the victim were at an apartment in Lewiston when Murphy "put her down on the floor and put his foot on her face . . . enough so it made her mouth bleed." A little over a year before this incident, a Lewiston police officer responding to a noise complaint had witnessed Murphy and the victim having consensual sexual intercourse in the basement of an apartment building. Because the victim did not cooperate in the prosecution of the crime against her, the only evidence the jury had concerning the relationship between her and the defendant was that testimony about a single sexual act.

## II. DISCUSSION

[¶3] The question before us is whether two people can be "sexual partners" for the purpose of domestic violence assault if they have had sexual intercourse on only one occasion. During a conference just before the start of trial, after learning that the State intended to call the police officer to testify about the sexual act she saw Murphy engage in with the victim, Murphy asserted that he was "not sure one incident of sex . . . qualifies [them as] sexual partners." The trial court responded that the issue of whether Murphy and the victim were sexual partners appeared to be a question of fact that should be determined by the jury. Murphy did not ask for clarification, ask that his objection be noted, include any reference to the issue

when he made a motion for a judgment of acquittal pursuant to M.R. Crim. P. 29(a),[1] or ask for a jury instruction about the meaning of the term.

[¶4]  On appeal, Murphy contends that the issue is a matter of statutory construction.  Because we hold that the issue is one of sufficiency of the evidence,[2] we need not consider whether Murphy actually presented his challenge to the trial court as an issue of statutory construction, and whether he preserved that issue for appeal.  To the extent that Murphy purports to claim on appeal that the issue is one purely of statutory construction or that the trial court should have instructed the jury on the definition of 'sexual partner,' we would review for obvious error. *See State v. Pabon*, 2011 ME 100, ¶¶ 27-29, 28 A.3d 1147.  We find no obvious error because, as we explain below, we construe the statute consistently with the jury verdict.

[¶5]  When a criminal defendant challenges the sufficiency of the evidence, we view the evidence in the light most favorable to the State and review any applicable statute de novo to determine whether the fact-finder could have found beyond a reasonable doubt every element of the offense charged.  *State v. Lowden*, 2014 ME 29, ¶ 13, 87 A.3d 694; *State v. Jones*, 2012 ME 88, ¶ 7, 46 A.3d 1125.

---

[1]  At trial Murphy, who did not testify, appeared to be claiming that he had been compelled to have sexual intercourse with the victim and that, therefore, the act had not been consensual.

[2]  In this instance, the issues of sufficiency of the evidence and statutory construction are intertwined, as we must determine what the elements of the crime are before we can determine whether the evidence was sufficient to establish each element beyond a reasonable doubt.

4

[¶6]  For the jury to find Murphy guilty of domestic violence assault as charged, the State had the burden of proving that he assaulted "a family or household member as defined in Title 19-A, section 4002, subsection 4." 17-A M.R.S. § 207-A(1)(A).  The definition of "family or household members" in Title 19-A M.R.S. § 4002(4) includes

> spouses or domestic partners or former spouses or former domestic partners, individuals presently or formerly living together as spouses, natural parents of the same child, adult household members related by consanguinity or affinity or minor children of a household member when the defendant is an adult household member and, for the purposes of [the domestic violence assault provision, inter alia], includes individuals presently or formerly living together *and individuals who are or were sexual partners*.  Holding oneself out to be a spouse is not necessary to constitute "living as spouses."  For purposes of this subsection, "domestic partners" means 2 unmarried adults who are domiciled together under long-term arrangements that evidence a commitment to remain responsible indefinitely for each other's welfare.

19-A M.R.S. § 4002(4) (emphasis added).

[¶7]  When we interpret a statute, we look first to the plain meaning in order to discern legislative intent, viewing the relevant provision in the context of the entire statutory scheme to generate a harmonious result.  *State v. Severy*, 2010 ME 126, ¶ 9, 8 A.3d 715.  In considering the plain language of a statute, we construe any undefined words and phrases according to their common meaning.  *Id.*  "Sexual partner" is not defined by statute, but the term is commonly used to

describe a person with whom one engages in consensual[3] sexual activity. *See, e.g.,* *State v. Okie*, 2010 ME 6, ¶ 2, 987 A.2d 495 ("Okie went to the home of his friend and sometimes-sexual partner . . . and the two engaged in sexual relations."); *McPherson v. McPherson*, 1998 ME 141, ¶ 11, 712 A.2d 1043 ("Accordingly we hold that one who knows or should know that he or she is infected with a sexually transmitted disease is under a duty to protect sexual partners from infection.").

[¶8] Construing the term "sexual partners" to include persons who have engaged with each other in a single consensual "sexual act" as defined in 17-A M.R.S. § 251(1)(C) (2015),[4] is consistent with the rest of the statutory definition of "family or household members" and with the domestic violence statutory scheme. Requiring proof of multiple sexual acts or an intimate relationship of particular commitment, significance, or duration would risk making

---

[3] The definition of "family or household members" at issue is found in the protection from abuse statute, *see* 19-A M.R.S. § 4002(4) (2015). That statute has a separate provision that addresses the issue of nonconsensual sexual acts by permitting victims of sexual assault to request and obtain protection from abuse orders against their attackers without the need to establish any sort of "relationship." Title 19-A M.R.S. § 4005(1) (2014) states, in pertinent part:

> An adult who has been a victim of . . . sexual assault . . . whether or not the conduct was perpetrated by a family or household member or dating partner, may seek relief by filing a complaint alleging that conduct without regard to whether criminal prosecution has occurred.

This subsection has since been amended without changes to the quoted language. *See* P.L. 2015, ch. 339, § 2 (effective Oct. 15, 2015).

[4] "Sexual act" means, in relevant part, "[a]ny act between 2 persons involving direct physical contact between the genitals of one and the mouth or anus of the other, or direct physical contact between the genitals of one and the genitals of the other," or "[a]ny act involving direct physical contact between the genitals and anus of one and an instrument or device manipulated by another person when that act is done for the purpose of arousing or gratifying sexual desire." 17-A M.R.S. § 251(1)(C)(1), (3) (2015).

the term "sexual partners" indistinct from the other relationships included in section 4002(4), and would make the term mere surplusage. As we have stated on many occasions, "[n]othing in a statute may be treated as surplusage if a reasonable construction applying meaning and force is otherwise possible." *Lowden*, 2014 ME 29, ¶ 14, 87 A.3d 694 (quotation marks omitted).

[¶9] In support of his argument to suggest a more limited application of the term "sexual partners," Murphy has relied on two of our cases. In *State v. Metzger*, 2010 ME 67, 999 A.2d 947, we emphasized that "the proof beyond a reasonable doubt standard demands case-specific evidence of a sexual relationship or some other indicia of family or household member status," and concluded that the State could not meet its burden when the only evidence presented was that the defendant had been the victim's "boyfriend." *Id.* at ¶ 27 (quotation marks omitted). In *Metzger*, we referred to *State v. Nugent*, 2007 ME 44, 917 A.2d 127, another case where the only evidence of the nature of the relationship between the defendant and the victim was that they had once been in a "boyfriend/girlfriend" relationship. *Id.* at ¶ 3. What was missing in both cases was any evidence that the parties had ever engaged in a consensual sexual act. Murphy's reliance on these cases is therefore misplaced, as we have never suggested in any way that being a "sexual partner" means more than engaging in a sexual act.

[¶10] In contrast to those cases, here the State presented evidence that Murphy and the victim did engage in a consensual sexual act[5] approximately one year before Murphy assaulted the victim. Because the common meaning of the term "sexual partners" covers individuals who have engaged in a sexual act on one occasion as well as those in committed, intimate relationships, that evidence was sufficient to allow a jury to find that Murphy and the victim were or had been "sexual partners," and thus "family or household members" for the purposes of domestic violence assault.

The entry is:

Judgment affirmed.

**On the briefs:**

Jamesa J. Drake, Esq., Drake Law, LLC, for appellant Richard E. Murphy

Andrew Robinson, District Attorney, and Michael Dumas, Stud. Atty., Prosecutorial District III, Auburn, for appellee State of Maine

---

[5] We have not been asked to and do not consider whether persons engaging in "sexual contact" as defined in 17-A M.R.S. § 251(1)(D) (2015) or "sexual touching" as defined in 17-A M.R.S. § 251(1)(G) (2015) might also qualify as "sexual partners" for purposes of 19-A M.R.S. § 4002(4).

**At oral argument:**

Jamesa J. Drake, Esq., for appellant Richard E. Murphy

Michael Dumas, Stud. Atty., for appellee State of Maine

Androscoggin County Superior Court docket number CR-2014-304
FOR CLERK REFERENCE ONLY