MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2018 ME 109
Docket:      Cum-17-474
Argued:      May 16, 2018
Decided:     July 26, 2018

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

STATE OF MAINE

v.

EZRA LEBLANC-SIMPSON

ALEXANDER, J.

[¶1]  This appeal presents the question of whether a person who has conditions of release set by a judicial officer can be convicted of violation of a condition of release, 15 M.R.S. § 1092 (1)(B) (2017), for acts committed while in jail after not securing release on bail.  The Bail Code specifies that "[a] condition of release takes effect and is fully enforceable as of the time the judicial officer sets the condition . . . ."  15 M.R.S. § 1026(7) (2017).  The Bail Code also requires that the judicial officer shall provide the defendant with a written statement of the conditions of release, 15 M.R.S. § 1026(5)(A) (2017), and advise the defendant of "[t]he penalties for and consequences of violating a condition of release,"  15 M.R.S. § 1026(5)(B)(2) (2017).

[¶2]  Ezra LeBlanc-Simpson appeals from a judgment of conviction for twelve counts of violating a condition of release (Class C), 15 M.R.S. § 1092(1)(B), entered in the Unified Criminal Docket (Cumberland County, *Mills, J.*) following a bench trial.  LeBlanc-Simpson challenges the application of conditions of release to him while he remained incarcerated.  He also contends that he was not provided with adequate notice of the conditions of release or of the penalties for violating conditions of release while he remained incarcerated, as required by 15 M.R.S. § 1026(5) (2017).[1]

[¶3]  Because the State presented insufficient evidence that LeBlanc-Simpson was provided with notice of the conditions of release applicable to him while he was in jail, we must vacate the judgment.

## I.  CASE HISTORY

[¶4]  Viewing the evidence in the light most favorable to the State, the trial court could have found the following facts beyond a reasonable doubt. *State v. Beckwith*, 2015 ME 72, ¶ 10, 117 A.3d 1049.

[¶5]  On October 20, 2016, LeBlanc-Simpson was arrested and charged with reckless conduct with a dangerous weapon (Class C), 17-A M.R.S.

---

[1]  LeBlanc-Simpson's remaining contention—that his phone calls from jail were protected by both the United States and Maine Constitutions—is not persuasive and we do not discuss it further.

§§ 211(1), 1252(4) (2017), criminal threatening with a dangerous weapon (Class C), 17-A M.R.S. §§ 209(1), 1252(4) (2017), and two counts of violating a condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2017). On October 21, 2016, the State filed a notice joining LeBlanc-Simpson's case with a case against another person, making that person a co-defendant with LeBlanc-Simpson. *See* M.R.U. Crim. P. 8(b).

[¶6] LeBlanc-Simpson made his initial appearance in court on October 21, 2016. Cash bail was set by the court at $10,000 with conditions of release. The conditions of release provided that LeBlanc-Simpson shall (1) not use any alcoholic beverages or illegal drugs, (2) not possess any alcoholic beverages or illegal drugs, (3) not possess any dangerous weapons, including, but not limited to, firearms, (4) submit to searches of his person, vehicle and residence, and, if applicable, to chemical tests at any time without articulable suspicion or probable cause, and (5) have no direct or indirect contact with the co-defendant.

[¶7] The conditions of release form was signed by the judge but was not signed by LeBlanc-Simpson. The record from the trial does not include a transcript of the initial appearance hearing or any other evidence addressing whether or not, at that hearing, the judge specifically advised LeBlanc-Simpson

of the conditions of release or, as required by 15 M.R.S. § 1026(5)(B)(2), of "[t]he penalties for and consequences of violating a condition of release . . . ."

[¶8]   LeBlanc-Simpson did not post the required $10,000 bail and remained in the Cumberland County Jail.  Between November 7, 2016, and December 12, 2016, while he remained in jail, LeBlanc-Simpson made numerous telephone calls to the co-defendant.

[¶9]   On April 7, 2017, the Cumberland County grand jury returned a twelve-count indictment against LeBlanc-Simpson alleging twelve instances of telephone contact with the co-defendant, constituting violations of his conditions of release pursuant to 15 M.R.S. § 1092(1)(B).  Pursuant to M.R.U. Crim. P. 23(a), LeBlanc-Simpson waived his right to a jury trial and opted for a trial before a judge.

[¶10]  A two-day bench trial was held in October 2017.  During the trial, the State's evidence included certified copies of (i) the docket entries, showing LeBlanc-Simpson's initial appearance in court on October 21, 2016, and (ii) the conditions of release form signed by the judge at that proceeding.  The evidence at trial did not include the transcript or recording of the initial appearance hearing or any document or testimony indicating that LeBlanc-Simpson was

advised of, made aware of, or acknowledged any of the conditions of release or the consequences of violation of any of the conditions of release.

[¶11]  The State did enter in evidence recordings of phone calls made by LeBlanc-Simpson and played some segments of the relevant calls for the court. The State also presented evidence identifying LeBlanc-Simpson as the caller and the co-defendant as the person receiving the telephone calls.

[¶12]  During one of the calls played for the court, the conversation between LeBlanc-Simpson and the co-defendant suggested that both knew they were not supposed to be talking to one another:

Co-defendant: "You should use somebody else's to call. . . ."

LeBlanc-Simpson: "As long as we keep it relatively discreet here, I don't have a lot of options, I can't really be put in double jail"

Co-defendant: "Well I can"

[¶13]  LeBlanc-Simpson was found guilty of all twelve counts of violating a condition of release by having contact with his co-defendant.  The court's findings were based on the docket entry and conditions of release form showing that LeBlanc-Simpson appeared personally before the court for his initial appearance and bail was set at $10,000 with conditions.  The court also found that the conditions of release were in effect at the times the violations

6

occurred. The court acknowledged that the phone calls were not "threatening in any way" towards the co-defendant but were merely about "someone who is in jail and who's not enjoying himself. And she was someone to talk to, regardless of the fact that he was not supposed to talk to her."

[¶14] LeBlanc-Simpson was sentenced to concurrent ten-month periods of incarceration on each of the twelve counts of violating a condition of release, to be served concurrently with his sentence in the underlying case for reckless conduct with a dangerous weapon (Class C), criminal threatening with a dangerous weapon (Class C), and two counts of violating different conditions of release (Class E). LeBlanc-Simpson timely filed a notice of appeal of the twelve-count conviction.[2] M.R. App. P. 2B(b)(1).

## II. LEGAL ANALYSIS

[¶15] On a challenge to the sufficiency of the evidence to support a conviction after trial, we view the evidence, and all reasonable inferences that may be drawn from that evidence, in the light most favorable to the trial court's judgment to determine whether the fact-finder rationally could have found each element of the charged offense proved beyond a reasonable doubt.

---

[2] LeBlanc-Simpson also appealed the convictions entered against him in the underlying case, but we affirmed those judgments. *See State v. LeBlanc-Simpson*, Mem-18-22 (Mar. 15, 2018).

*State v. Cummings*, 2017 ME 143, ¶ 12, 166 A.3d 996; *State v. Murphy*, 2016 ME 5, ¶ 5, 130 A.3d 401.

[¶16] LeBlanc-Simpson argues that the conditions of release order could not apply to him because he had not posted bail and had not been released from jail to make the conditions of release applicable. Contrary to LeBlanc-Simpson's argument, the Bail Code specifies, "A condition of release takes effect and is fully enforceable as of the time the judicial officer sets the condition, unless that bail order expressly excludes it from immediate applicability." 15 M.R.S. § 1026(7). The bail order introduced in evidence contained no such exclusion and thus, by law, was effective when entered at the initial appearance hearing.

[¶17] To convict LeBlanc-Simpson of violating a condition of release, the State was required to prove that (1) the defendant was granted pre-conviction or postconviction bail and (2) the defendant, in fact, violated a condition of release. *See* 15 M.R.S. § 1092 (2017).

[¶18] Violation of a condition of release is a "strict liability crime," 15 M.R.S. § 1092(3), meaning that proof of a culpable state of mind is not required to secure a conviction, *see* 17-A M.R.S. § 34(4-A) (2017). However, as the State acknowledged at oral argument, for LeBlanc-Simpson to be convicted of the charge of violation of a condition of release, the State was required to

offer evidence and prove that LeBlanc-Simpson had prior knowledge of the relevant conditions of release and that those conditions of release were applicable to him while he remained incarcerated.

[¶19]    The State's acknowledgement that it had to prove that LeBlanc-Simpson had notice of the conditions of release he was accused of violating recognizes basic standards of due process.  Those standards include "notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, the right to respond to claims and evidence, and an impartial fact-finder." *Jusseaume v. Ducatt*, 2011 ME 43, ¶ 12, 15 A.3d 714; *In re Chelsea C.,* 2005 ME 105, ¶ 16, 884 A.2d 97.  "Persons engaged in activities subject to state or local regulation are entitled to know with reasonable clarity what they must do to engage in the regulated activities without violation of the law . . . ." *State v. McCurdy*, 2010 ME 137, ¶ 17, 10 A.3d 686.

[¶20]  In response to LeBlanc-Simpson's assertion at trial that he had no knowledge regarding the specific conditions that the court had imposed, the State was required to present sufficient evidence showing that LeBlanc-Simpson was given adequate notice of the conditions of release that applied to him and, separately, that LeBlanc-Simpson was advised of the

"penalties for and consequences of violating a condition of release." *See* 15 M.R.S. § 1026(5).

[¶21] Although the State entered in evidence the conditions of release form, the form was not signed by LeBlanc-Simpson, and does not indicate anywhere on the form that LeBlanc-Simpson was provided notice of the conditions. The record does include the docket entries showing that bail with conditions was set at LeBlanc-Simpson's initial appearance. The record does not include a transcript of LeBlanc-Simpson's initial appearance, so there is no evidence that, at his initial appearance, LeBlanc-Simpson received actual notice of the conditions of release. The record does include evidence of the phone call made by LeBlanc-Simpson to the co-defendant, where they discuss that they are not to have contact with one another. However, the phone call does not establish what this belief was based on.[3]

---

[3] The State entered in evidence two additional bail bonds that were entered against LeBlanc-Simpson in a different case. These bail bonds also included conditions of no contact with the co-defendant. There was no evidence presented at trial that these bail bonds remained in effect between November 7, 2016, and December 12, 2016—the period when the alleged violations of conditions of release occurred. The State did not seek to prove that the conditions referenced in these other bail bonds were in effect during that time. Further, because the earlier bail order contained the same no-contact condition as was imposed here, it would be speculative to find that LeBlanc-Simpson's apparent awareness of that condition was based on the bail order that the State chose to use as the basis for this prosecution rather than on the earlier bail orders.

[¶22]  To establish that a defendant has received notice of conditions of release, the State need not provide a transcript of the initial appearance or bail hearing.  Development of such transcripts may not be possible when bail is set by a bail commissioner or after hours by other judicial officers.  However, where a transcript is not available, other evidence of a defendant's knowledge of conditions of release and the penalties for violation of one or more conditions of release must be provided.  That evidence might include a form signed by the defendant signifying knowledge of the conditions of release or testimony of a law enforcement officer, bail commissioner, or some other individual who may have observed the process by which bail was set and the conditions of release were imposed.

[¶23]  Here, the record includes no evidence that when his conditions of release were set during a routine courtroom proceeding, LeBlanc-Simpson was notified of the conditions of release applied to him in this proceeding.  Further, when a court issues a bail order, section 1026(5)(B)(2) requires the court to inform the defendant of the penalties for failing to appear and "[t]he penalties for and consequences of violating a condition of release."  Notably, the statute does not require the court to inform the defendant of the individual conditions of release themselves.  Therefore, in a case such as this, any inference that the

judge who issued the bail order complied with statutory requirements is insufficient to support a finding that the defendant was put on notice of the conditions of release, because even full compliance with section 1026(5) would not have resulted in that notice.[4]

[¶24]  Therefore, the State failed to meet its burden of proof, as the evidence was insufficient to show that LeBlanc-Simpson was on notice of the conditions of release.

The entry is:

Judgment vacated.

---

Lawrence C. Winger, Esq. (orally), Portland, for appellant Ezra LeBlanc-Simpson

Stephanie Anderson, District Attorney, and Jonathan T. Sahrbeck, Asst. Dist. Atty. (orally), Cumberland County District Attorney's Office, Portland, for appellee State of Maine

Cumberland County Unified Criminal Docket docket number CR-2017-1110
FOR CLERK REFERENCE ONLY

---

4   Because the evidence was insufficient as a matter of law for the court to find that LeBlanc-Simpson was on notice of the conditions of release themselves, we need not determine whether an inference of regularity that the bail order was issued in the way prescribed by section 1026(5) would be a sufficient basis for a fact-finder to conclude that he was notified of the penalties and consequences of a violation, or whether that information is necessary to prove a violation of condition of release pursuant to section 1092.  *See State v. Lewis*, 584 A.2d 622, 625 (Me. 1990) (recognizing the "presumption of regularity which attaches to final judgments of convictions").